Charlotte S. Engles's Estate.   Commonwealth Title In-
surance & Trust Company, Guardian's, Appeal.    167    463
                                                        212    121

*Will—Vested and contingent interest.*

Testatrix gave the residue of her estate to a trustee " to pay over one-
eighth part of the income thereof not exceeding Four hundred dollars per
annum (everything in excess of that sum to go into the residue of the
income of my estate) in equal quarterly installments to my sister Mrs. E.
D. Whitney for and during the term of her natural life, and upon her
death to pay out of the principal of my residuary estate three thousand
five hundred dollars to my nephew William W. Whitney, and two thou-
sand dollars to his son Thomas B. Whitney and two thousand dollars to
his son Frank Whitney when they shall respectively attain the age of
nineteen years, and in case either of them shall die before attaining that
age, then to pay his legacy to the survivor, and in case they shall both
die before attaining that age, then upon the death of the survivor to pay
the amount of both their legacies to their father and mother in equal shares
and the survivor of them." *Held*, that Thomas took a contingent estate,
and that he was not entitled to interest on his legacy between the date of
the death of the life tenant, and the time when he came to the age of
nineteen.

Argued April 3, 1895.   Appeal, No. 247, Jan. T., 1895, by
The Commonwealth Title Insurance & Trust Co., guardian
of Thomas B. Whitney, from decree of O. C. Phila. Co., Oct. T.,
1889, No. 476, sustaining exceptions to adjudication.   Before
STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Exceptions to adjudication.

From the record it appeared that Charlotte S. Engles died
on Nov. 28, 1888, leaving a will by which, after making certain
specific gifts, legacies and devises, she gave the residue of her
estate to the Philadelphia, Trust, Safe Deposit & Insurance
Company, in trust, inter alia,

" To pay over One-eighth part of the income thereof not
exceeding Four hundred dollars per annum (everything in
excess of that sum to go into the residue of the income of my
estate) in equal quarterly installments to my sister Mrs. E. D.
Whitney for and during the term of her natural life, and upon
her death to pay out of the principal of my residuary estate

Three thousand five hundred dollars to my nephew William W. Whitney, and two thousand dollars to his son Thomas B. Whitney and Two thousand dollars to his son Frank Whitney when they shall respectively attain the age of Nineteen years, and in case either of them shall die before attaining that age, then to pay his legacy to the survivor, and in case they shall both die before attaining that age, then upon the death of the survivor to pay the amount of both their legacies to their father and mother in equal shares and the survivor of them."

Mrs. E. D. Whitney, the life annuitant, died Oct. 27, 1889. Thomas B. Whitney arrived at nineteen years of age Sept. 20, 1894. Frank Whitney is several years younger. The accrued interest on the $2000 legacy to Thomas B. Whitney between the death of Mrs. Whitney and the time when the legatee became nineteen amounted to $490.28, and was awarded by the auditing judge, FERGUSON, J., to the appellant, as his guardian.

Exceptions to the adjudication were sustained, ASHMAN, J., filing the following opinion :

" The cases which decide that a vested gift may be implied from a mere direction to pay, and they are few in number, have all of them been characterized by some peculiarity in the context of the will or in the circumstances under which it was written. Where the direction to pay is simply for convenience in the settlement of the estate, the gift will be held to be vested: Bennett's Trust, 3 Kay & J. 280 ; Strother v. Dutton, 1 De G. & J. 675.

" Where the payment is deferred for reasons personal to the legatee, it will be held to be contingent: Hanson v. Graham, 6 Ves. 239 ; Locke v. Lamb, L. R. 4 Eq. 372.

" Mr. Hawkins, in his Treatise on Wills (p. 226), says : ' A bequest to A. at twenty-one, and a bequest to A., payable at twenty-one, do not much differ in expression, yet one is a vested, and the other a contingent gift.' In the one, time is of the essence of the gift, in the other, it is independent of the gift. Where there is a clear gift, it is immaterial whether the direction to pay at a given age precedes or follows it ; the vesting will not be postponed, because the time of payment has nothing to do with the substantive character of the gift : In re Bartholomew, 1 Mac. & G. 354 ; Shrimpton v. Shrimpton, 31 Beav. 425.

" These principles have a direct and easy application to the case in hand.   The testatrix directed the trustee, on the death of the life tenant, to pay out of the residuary estate $3,500 to her nephew, William W. Whitney, and $2,000 each to his sons, Thomas and Frank, when the sons should respectively attain the age of nineteen years; and if either should die under that age, then to pay his legacy to the survivor, etc.   After other bequests of income, the remaining income of the residuary estate was given to a niece of testatrix for life, with a disposition over the principal at her death.   The life tenant died in 1889, and Thomas B. Whitney, one of the legatees, is nineteen. He claims interest on his legacy from the date of death of the life tenant.

" In every view which can be taken of it, this legacy was contingent.   There was no express gift, and the direction to pay was descriptive of the legatee, because conditioned on his attaining a given age.   The testatrix, moreover, did not stand in loco parentis to him, and her bequest to him was not intended for maintenance.   There was also a gift over of the entire residuary estate.   How could interest run upon a legacy from the death of the life tenant, when the legatee was not yet ascertained, and when all the estate which had not vested was given to the residuary legatee.   The cases cited in the adjudication disclosed in each instance either a distinct gift to the legatee or what was equivalent thereto.   In Laporte v. Bishop, 23 Pa. 152, the testator directed the executors to ' take charge ' of the legacy, and he spoke of it as the 'sum bequeathed' to the nephew.   In Schwartz's Appeal, 119 Pa. 337, the executor and trustee was ordered to hold and invest the residue, and to pay certain sums thereout to testator's children, except John, as they attained certain ages; and the residue was given in equal shares to the same children.   The share of John was to be paid when he should satisfy the executor that he had amassed by his own exertions a certain sum.   John was of age when the testator died.

" The Supreme Court held that the contingency in his case related only to the time of payment, and that meanwhile the principal was to be invested for his use, and intimated that the provision that the share of a child dying under twenty-one should go to the survivors made the remaining gifts contingent.

In Yost's Estate, 134 Pa. 426, interest was allowed upon the express ground that the gift was independent of the direction in regard to time of payment; and WILLIAMS, J., added: 'If the gift had been conditional upon the legatee's reaching a given age, it would have been contingent,' citing Moore v. Smith, 9 W. 403; to which may be added Bowman's Appeal, 34 Pa. 19; Seibert's Appeal, 13 Pa. 501. The direction, in the present instance, to the executors to hold the residue was for the benefit of the several life tenants and the ultimate residuary legatees, and it differed from that in Laporte v. Bishop, where the direction was to hold and take charge of the legacy, and from that in Schwartz's Appeal, where it was to hold and invest. Even, however, if we should hold that the legacy vested at the death of the tenant for life, we should be confronted with the rule, which obtains in legacies as in matters generally of indebtedness, that interest begins to run only from the date at which they are payable. In Leech's Appeal, 44 Pa. 140, the legacy to a grandchild was to be paid upon her arrival at the age of twenty-one; and it was held that interest began only when she reached her majority. Kerr v. Bosler, 62 Pa. 183, and Dewart's Appeal, 70 Pa. 403, may be quoted to the same effect.

" We think that the legatee was not entitled to interest upon his legacy from the death of the life tenant, and we therefore sustain the exceptions."

*Errors assigned* were in sustaining exceptions to adjudication.

*Frank T. Lloyd*, for appellant.—This case is controlled by Laporte v. Bishop, 23 Pa. 152, and Yost's Est., 134 Pa. 426.

*William W. Porter*, *Frederick J. Geiger* and *George Q. Horwitz* with him, for appellee.—The legacy to Thomas B. Whitney was contingent until his arrival at nineteen years of age : Hawkins on Wills, 25; Shum v. Hobbs, 3 Drew, 93; Bowman's App., 34 Pa. 22; Seibert's App., 13 Pa. 503; Moore v. Smith, 9 Watts, 403.

The interest on the legacy is only due from the time that the legacy is payable: 2 Roper on Legacies, 1245; Leech's App., 44 Pa. 140; Kerr v. Bosler, 62 Pa. 183; Dewart's App.

70 Pa. 403; Laporte v. Bishop, 23 Pa. 152; Schwartz's App.,
119 Pa. 337; Yost's Est., 134 Pa. 426.

PER CURIAM, April 15, 1895:

We find no error in this record. All that need be said on
the questions, whether the legacy was vested or contingent,
and whether the legatee was entitled to interest from the death
of the life tenant, etc., will be found in the clear and concise
opinion of the learned judge of the court below, and on it the
decree is affirmed and appeal dismissed with costs to be paid
by appellant.