.WILLS _v_. MADDOX.

WILLS; TRUSTS AND TRUSTEES; PERPETUITIES.

1. Where a trust created by a will constitutes a general scheme, the effect of which is that the estate shall be kept for an unlawful period, no part of its provisions can be sustained.

2. In determining whether a trust created by a will is void as contrary to the rule against perpetuities, the rule of construction must be borne in mind that an estate shall be held to vest at the earliest possible period unless there is a clear manifestation of an intention of the testator to the contrary. (Following *Hauptman* v. *Carpenter*, 16 App. D. C. 524; *Johnson* v. *Washington Loan & T. Co.* 33 App. D. C. 242.)

3. Where a testatrix, having a power of appointment under her mother's will, undertook to execute it by the residuary clause of her will, by

the terms of which she devised the residue of her estate to trustees with directions to pay one third of the income to her nephew E. and two thirds to her nephew G. during their lives; and then provided that if either nephew should die without issue his share should go to the survivor for life, and then to his children; and that upon the death of her nephew E. leaving issue, one third of the estate should be distributed among his children, share and share alike, payable to each child on his attaining the age of twenty-five years, the child or children of a deceased child of said nephew to take its or their parent's share; and that upon the death of her nephew G. leaving children, two thirds of the estate should be equally divided among them, payable to each child on his attaining the age of twenty-five years, the child or children of any deceased child of said nephew to take its or their parent's share,—it was *held* that a trust so created was not void as in violation of the rule against perpetuities, as the children of each nephew upon his death would take a vested interest, with actual possession deferred until they attained the age of twenty-five years.

No. 2859.   Submitted December 10, 1915.   Decided April 24, 1916.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint to have declared void an attempted execution by a testatrix of a power of appointment conferred upon her by the will of her mother.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Raymond B. Dickey, Mr. Martin Conboy,* and *Messrs. Griggs, Baldwin, & Baldwin,* for the appellant:

1. The gifts to the children of Mary E. McCeney's nephews do not vest within the period permitted by the rule against perpetuities and are invalid. Where the only provision for payment is in connection with a division or distribution among a class, and payment is not deferred to let in other estates or for any other reason recognized by the authorities, the gift is contingent and not vested. *Hanson* v. *Graham,* 6 Ves. Jr. 239; *Leake* v. *Robinson,* 2 Mer. 363; *Locke* v. *Lamb,* L. R. 4 Eq.

Cas. 372; *Merry* v. *Hill*, L. R. 8 Eq. Cas. 619, 624; *Kidman* v. *Kidman*, L. J. 40 Eq. Rep. N. S. 358, 366; *Re Wrangham's Trust*, 1 Dr. & Sm. 358; *Opp. Bree* v. *Perfect*, 1 Coll. 128; . and *Ingram* v. *Sucklin*, 7 Wr. 386; cited in Hawkins, Wills, 2d ed. p. 369, overruled by *Kidman* v. *Kidman*, *supra*, at p. 360. Exception as to intermediate gift of income is explained in *Hanson* v. *Graham*, and *Kidman* v. *Kidman*, *supra*; *Matter of Parker*, 16 Ch. Div. 44; *Vawdrey* v. *Geddes*, 1 R. & Hy. 208; Hawkins, Wills, 2d°ed. 272. There is no gift to the children of the nephews except in the direction to distribute and pay. *Peckham* v. *Gregory*, 4 Hare, 396, 397. American authorities follow the English. 40 Cyc. 1656. "*Upon the death* of my nephew" means merely at the death of my nephew, to distinguish issue from lack of issue. *Engle's Estate*, 167 Pa. 463; *Robert's Appeal*, 59 Pa. 70; *Conrow's Appeal*, 3 Atl. 13 (Pa.). The distribution in the will *sub judice* is too remote and bequest invalid. *Locke* v. *Lamb*, L. R. 4 Eq. Cas. 372; Hawkins, Wills, 2d ed. 100. If the term "issue" used in the will does not mean children merely, as we have assumed, the vesting is even more remote. *Pearkes* v. *Moseley* (1880), 5 App. Cas. 714.

2. The invalidity of the gifts to the nephews' children invalidates the entire residuary paragraph. If the invalid part of will is essential to the general scheme, the entire scheme is void. *Re Kountz*, 213 Pa. 390; *McSorley* v. *Leary*, 4 Sandf. Ch. 414; *Knox* v. *Jones*, 47 N. Y. 389; *Eldred* v. *Meek*, 183 Ill. 26, 75 Am. St. Rep. 86, 55 N. E. 536; *Re Fair*, 132 Cal. 523, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; *Van Vechten* v. *Van Veghten*, 8 Paige, 120; *Johnston's Appeal*, 185 Pa. 179, 64 Am. St. Rep. 621, 39 Atl. 879; *Gerber's Estate*, 196 Pa. 366, 46 Atl. 497; *Lockbridge* v. *Mace*, 109 Mo. 162, 18 S. W. 1145; *St. Amour* v. *Rivard*, 2 Mich. 294; *Tilden* v. *Greene*, 130 N. Y. 29, 50–52. In this case the invalid part of the trust created by the residuary paragraph is the essential part. *Savage* v. *Burnham*, 17 N. Y. 561, 576; *Eldred* v. *Meek*, 183 Ill. 26, 75 Am. St. Rep. 86.

3. There is no material difference so far as the remoteness of vesting is concerned as to the disposition of the property devised, whether the first nephew to die leaves issue or none. *La Farge* v. *Brown,* 31 App. Div. 542, 545.

4. There is no contingency of double aspect in this case which can prevent the certain invalidity of at least one third of the estate. The death of one nephew renders invalid the other's share. There cannot be two *survivors* of the two nephews. *Simpson* v. *The Trust Co. of America,* 129 App. Div. 200, affd. 197 N. Y. 586; *Dana* v. *Murray,* 122 N. Y. 604; *Matter of Conger,* 40 Misc. 157.

*Mr. A. S. Worthington* and *Mr. H. Prescott Gatley,* for the appellees:

1. The suit is premature. *Heald* v. *Heald,* 56 Md. 307; *Jackson* v. *Phillips,* 14 Allen, 539, 572; *Goldsborough* v. *Martin,* 41 Md. 488; *Perkins* v. *Fisher,* 59 Fed. 801; *Van Schuyler* v. *Mulford,* 59 N. Y. 432; *Leake* v. *Robinson,* 2 Merivale's Reports, 362, 394.

2. The remainders to the children of the nephews will vest immediately and absolutely upon the death of their father, possession only being deferred until they become twenty-five years of age. *Wardell* v. *Hale,* 161 Mass. 396; *Goodtitle* v. *Whitney,* 1 Burrow, 234; *Doe* v. *Perryn,* 3 Term. 495; *Taylor* v. *Mason,* 9 Wheat. 325; *Poor* v. *Considine,* 6 Wall. 458; *Cropley* v. *Cooper,* 19 Wall. 167; *Croxall* v. *Shererd,* 5 Wall. 268; *Richardson* v. *Penicks,* 1 App. D. C. 261; *McArthur* v. *Scott,* 113 U. S. 378; *Hauptman* v. *Carpenter,* 16 App. D. C. 524; *Johnson* v. *Wash. Loan & Trust Co.* 33 App. D. C. 242, 256; *Gordon* v. *Green,* 38 App. D. C. 443; *Yost's Estate,* 134 Pa. 426, 2 Jarman, Wills, marginal page 800.

3. Even if the ultimate bequests in the residuary clause of the will of Mary E. McCeney are void for remoteness, the prior life estates to the nephews are not affected. Lewis, Perpetuities; *Lowry* v. *Muldrow,* 8 Rich Eq. 246; *Purdy* v. *Hayt,* 92

·N. Y. 446; *Savage* v. *Burnham,* 17 N. Y. 576; *Kennedy* v.
*Hoy,* 105 N. Y. 134; *Graham* v. *Whitridge,* 99 Md. 248; *Long-
head* v. *Phelps,* 2 Wm. Bl. 704; *Evers* v. *Challis,* 7 H. L. Cas.
531.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal from a decree in the supreme court of the
District dismissing appellant's bill to have declared void an
attempted execution by Mary E. McCeney by her last will and
testament of a power of appointment conferred upon her by the
last will and testament of her mother, Harriet McCeney, in so
far as it undertakes to create a· trust in favor of Edgar and
George P. McCeney, nephews of Mary. Appellant, Heloise
McCeney Wills, is one of the next of kin and heirs at law of
Harriet McCeney.

Appellees, Samuel Maddox and Arthur T. Brice, substituted
trustees under the last will and testament of Harriet McCeney,
deceased, and executors of the last will and testament of Mary
E. McCeney, deceased; and Harriet McCeney Werlich et al.,
demurred to the bill generally, and the learned trial justice sus-
tained the demurrer upon the ground of prematureness, holding
that the residuary clause of Miss McCeney's will, which is the
part attacked, presents a double contingency or contingency
with a double aspect, and that even though in one contingency
there may be invalidity for remoteness, in the other contin-
gency there will be a vesting within the permissible period.

The residuary clause just mentioned reads as follows: "All
the rest, balance, and remainder of my said property and estate
I give and bequeath to my friends, Arthur T. Brice and Samuel
Maddox, as trustees, in trust, to take, hold, and invest the
same and from time to time in their discretion to change the
investments, and the income and avails thereof to pay over
quarterly one third to my nephew Edgar S. McCeney, and two
thirds to my nephew George P. McCeney, during their natural

lives. If either of my said nephews should die without issue him surviving, then the share of the one so dying is to go to the survivor for the term of his natural life, and to his children after him. Upon the death of my said nephew Edgar, leaving issue, one third part of said rest, balance, and remainder of my estate shall be distributed among the children, share and share alike, payable to each child on his attaining the age of twenty-five years, the child or children of a deceased child of my said nephew to take its or their parent's share. And upon the death of my nephew George, leaving children, a two-thirds portion of said rest, balance, and remainder shall be equally divided among said children, and payable to each child on his attaining the age of twenty-five years, the child or children of any deceased child of my said nephew to take its or their parent's share."

The rule upon this branch of the case is nowhere better stated than in *Jackson* v. *Phillips,* 14 Allen, 539, where the court says: "The general rule is that if any estate, legal or equitable, is given by deed or will to any person in the first instance, and then over to another person, or even to a public charity, upon the happening of a contingency which may by possibility not take place within a life or lives in being (treating a child in its mother's womb as in being) and twenty-one years afterwards, the gift over is void, as tending to create a perpetuity by making the estate inalienable. * * * But if the testator distinctly makes his gift over to depend upon what is sometimes called an alternative contingency, or upon either of two contingencies, one of which may be too remote and the other cannot be, its validity depends upon the event; or, in other words, if he gives the estate over on one contingency which must happen, if at all, within the limit of the rule, and that contingency does happen, the validity of the distinct gift over in that event will not be affected by the consideration that upon a different contingency, which might or might not happen within the lawful limit, he makes a disposition of his estate, which would be void for remoteness." See also *Goldsborough* v. *Martin,* 41 Md. 488.

It is the contention of the appellant that the gifts over to the children of Edgar and George McCeney are too remote because of the words "payable to each child on his attaining the age of twenty-five years," and hence that the entire trust is void. Appellees contend, and the trial court found, that reading the residuary clause as a whole there is presented a contingency with a double aspect, depending upon events which are separate and distinct from each other. The basis for this contention and ruling is the provision that "if either of my said nephews should die without issue him surviving then the share of the one so dying is to go to the survivor for the term of his natural life, and to his children after him." It is said that this language clearly imports a present vesting of one third or two thirds of the corpus of the trust fund, accordingly as one or the other of the nephews dies first, with a life estate in the surviving nephew in the meantime; and the argument runs that even though it be assumed that the gift over of the other one third or two thirds to the children of the surviving nephew is void for remoteness, the gift over being good, there is nothing for the court to pass upon until it is determined by the death of a nephew which situation shall exist. Counsel for the appellee go one step further and contend that, even though it be assumed that the gifts over are void for remoteness, the prior life estates are not affected. We are unable to accept either of these contentions of appellees. The special objects of the bounty of Miss McCeney were not merely her nephews, but the residuary legatees,—the children of these nephews. One trust only was created, and that trust constitutes a general scheme. If the effect of that scheme is that the estate shall be kept entire for an unlawful period, no part of its provisions can be sustained. *McSorley* v. *Leary,* 4 Sandf. Ch. 414; *Re Kountz,* 213 Pa. 390, 3 L.R.A. (N.S.) 639, 62 Atl. 1103, 5 Ann. Cas. 427; *Eldred* v. *Meek,* 183 Ill. 26, 75 Am. St. Rep. 86, 55 N. E. 536; *Re Fair,* 132 Cal. 523, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; *Tilden* v. *Green,* 130 N. Y. 29, 14 L.R.A. 33, 27 Am. St. Rep. 487, 28 N. E. 880.

In the case last cited the court said: "The rule as applied in all reported cases recognizes this limitation, that when some of the trusts in a will are legal and some illegal, if they are so connected together as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries, or some of them, then all the trusts must be construed together and all must be held illegal and must fall." In *Knox v. Jones,* 47 N. Y. 389, the testator, as here, created one trust to receive and pay over the income of his estate to his brother for his life and then to his sisters, with cross limitations over as between them, remainder to the children of his sister, and, in default of children, to Columbia College. The whole trust was held invalid on the ground that there was but a single trust providing for all the beneficiaries and embracing all in a common purpose. In the present case, even though one nephew should die without issue, as to the other nephew there can be no contingency with a double aspect if it be assumed that the gift over as to his children is too remote; that is to say, should Edgar die first the remaining two thirds would in nowise be affected. Clearly, if the gift over to the children of the surviving brother is bad for remoteness, it will carry with it the entire scheme. The same is true of the life interests of the nephews. They were a part of the general scheme, and not the most important part at that. We rule, therefore, that this action is not premature.

The question now to be determined is whether there is an absolute legal certainty that the vesting of the estate created by the execution by Miss McCeney of the power of appointment will take place within the permissible period, that is, during the continuance of not more than one or more lives in being and twenty-one years thereafter. In determining this question we must have in mind the rule by which courts always are guided; namely, that estates "shall be held to vest at the earliest possible period unless there shall be a clear manifestation of the intention of the testator to the contrary." *Doe ex dem. Poor* v.

*Considine,* 6 Wall. 458, 18 L. ed. 869; *McArthur* v. *Scott,* 113 U. S. 340, 378, 28 L. ed. 1015, 1027, 5 Sup. Ct. Rep. 652; *Hauptman* v. *Carpenter,* 16 App. D. C. 524; *Johnson* v. *Washington Loan & T. Co.* 33 App. D. C. 242. Appellant contends that the words, "payable to each child on his attaining the age of twenty-five years," must be interpreted as deferring the vesting of such interests until each child shall reach the specified age. If this interpretation is adopted, it is clear that there will be a postponement of the vesting of the estate granted to the children for a period exceeding that allowed by law. The words preceding the words relied upon as deferring the vesting of these interests are inconsistent, we think, with this interpretation. The testatrix had provided life interests for the nephews, and that if one should die without issue the survivor and his children should take the share of the deceased nephew. The clause then provides that upon the death of Edgar leaving issue, one third of the corpus of the estate "shall be *distributed among the children,* share and share alike," and upon the death of George leaving children, two thirds of the corpus "shall be *equally divided* among said children." Had nothing more been said, of course there could be no contention that there would not be an immediate vesting upon the death of either or both of the nephews.

Construing this clause as a whole, we think it reasonably clear that the testatrix intended the status of the children of either nephew, as legatees, to become fixed and certain upon the death of their father, and that the words relied upon as deferring such vesting merely defer the enjoyment and nothing more. In the event of Edgar's death leaving issue, one third of the estate must be "distributed" among his children, that is to say, it must be apportioned or set apart for them, the actual possession being deferred until they reach the specified age of twenty-five years. In the event of the death of the nephew George leaving children, two thirds of the estate must be "equally divided" among them, in other words, apportioned or set apart for them, the possession or enjoyment being deferred

as in the case of the children of Edgar.   Should we interpret
this clause as deferring the vesting, instead of the possession,
it would result that the child or children of a child dying before
reaching the age of twenty-five years would take nothing.   Cer-
tainly such a result could not have been intended.   *Taylor* v.
*Mason,* 9 Wheat. 325, 6 L. ed. 101; *Goodtitle ex dem. Hayward*
v. *Whitby,* 1 Burr. 234, 1 Ld. Kenyon, 506; *Doe ex dem.*
*Comberbach* v. *Perryn,* 3 Term. Rep. 495.   While the fact that
no provision was made for the payment of income to the chil-
dren, pending their attaining the specified age, is to be con-
sidered in the effort to determine the intent of the testatrix,
such failure is by no means conclusive.   After all, we come back
to the proposition that the intent of the testator to defer the
vesting must very clearly appear to overcome the presumption
that an immediate vesting was intended.

The authorities cited by counsel for appellant on this branch
of the case, in their very scholarly and instructive brief, we
think are clearly distinguishable from the case before us.   In
*Engle's Estate,* 167 Pa. 463, 31 Atl. 681, the direction was to
pay out of the residuary estate, upon the death of the life ten-
ant, a certain sum to a nephew of the testatrix, and certain
other sums to his two sons, when those sons should attain the
age of nineteen years.   In the event of the death of either son
before reaching that age, the survivor was to take his share.   We
think the difference between that provision and the one here is
quite apparent; for there the status of the beneficiaries as such
was to become fixed and certain, not upon the death of the life
tenant, as here, but upon their attaining the specified age.   A
like difference might be pointed out in the other cases cited.

Reading this residuary clause as a whole, we conclude that
the decision of the court below was right, and the decree is
therefore affirmed, with costs.                    *Affirmed.*

A petition for a rehearing was denied May 27, 1916, Mr.
Justice ROBB delivering the opinion of the Court:

This is an application for a rehearing, the appellant suggesting that the court, in deciding the case, overlooked the following words of the will: "The child or children of any deceased child of my said nephew to take its or their parent's share."

The court did not overlook those words. If, as previously contended by the appellant, there was to be no vesting in the afterborn children of the nephews until they reached the age of twenty-five years, no force could be given to the words now relied upon, for the obvious reason that the bequest would fall as being in conflict with the rule against perpetuities. Whatever may be the legal effect of those words, we do not think they may be construed as making contingent a remainder which we have held the testatrix intended to vest in the children of either nephew upon the death of their father. In *McArthur* v. *Scott,* 113 U. S. 340, 381, 28 L. ed. 1015, 1027, 5 Sup. Ct. Rep. 652, the court ruled that a similar provision "was evidently intended merely to provide for children of a deceased grandchild, and not to define the nature, as vested or contingent, of the previous general gift to the grandchildren  *  *  *  ." The court further said: "The remainder, being vested according to the legal meaning of the words of gift, is not to be held contingent by virtue of subsequent provisions of the will, unless those provisions necessarily require it."

*The petition is denied.*