**MONDELL v. THOM et al.**

No. 8623.

United States Court of Appeals
District of Columbia.

Argued May 31, 1944.

Decided June 26, 1944.

Mr. Hubert King, of Washington, D. C., for appellants.

Mr. Roger Robb, of Washington, D. C., for infant appellees Beverly Royall Parsons and Pamela Howell Parsons.

Mr. William A. Gallagher, of Washington, D. C., for infant appellee Carol Stockton Parsons.

Messrs. John E. Larson, Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., entered appearances for appellees Corcoran Thom and Herbert Putnam.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Arthur Jeffrey Parsons died in 1915, leaving a will which created a trust. The income was to be divided between his widow and his sons. After the widow's death the income was to be paid to the sons for twenty-one years and the trust was then to terminate. Each son was given unrestricted power to appoint his share by will. On failure of a son to appoint, his share was to go to his issue.

The widow of Arthur Jeffrey Parsons died in 1934 and their son Jeffrey Parsons in 1942. Jeffrey undertook in his will to exercise his power of appointment under his father's will. He provided for the creation of a trust which was to include the interests covered by the power. The income of this trust was to be divided between his widow and his three daughters. The widow was to have three-quarters of the income unless she remarried. Upon the

death of the widow, the income was to be paid to the daughters until they reached the age of twenty-five. There were other contingent provisions which we need not notice in detail.

Appellees, the executors and trustees under the will of Arthur Jeffrey Parsons, asked the court for instructions on the question, among others, whether Jeffrey Parsons had validly exercised his power of appointment. The court held that his attempted exercise of the power was void because it violated the rule against perpetuities and restraints on alienation, and that his share of his father's estate should therefore be distributed to his daughters in accordance with his father's will. This appeal is brought by the executors and trustees under the will of Jeffrey Parsons and by possible beneficiaries under that will.

 The District Court rightly computed the period of "lives in being and twenty-one years thereafter,"[1] during which the absolute power of alienation may be suspended, from the death of the donor of the power of appointment.[2] Jeffrey's widow was a "life in being" when the donor, Arthur Jeffrey Parsons, died. But Jeffrey's attempted exercise of his power of appointment was invalid because his daughters were not to take their shares outright until they reached the age of twenty-five and this might be more than twenty-one years after his widow's death. It is true that facts which exist at the death of the donee may be considered in determining whether absolute ownership is to vest during lives in being, plus twenty-one years, from the death of the donor.[3] But that principle does not save the appointment in this case, for Jeffrey's youngest daughter, born in 1940, would not have reached the age of twenty-five and taken her share within twenty-one years of her mother's death if her mother had died before 1944.

Since Jeffrey had no power to appoint otherwise than by will, his attempt to "assign" a part of his interest by a contract was clearly invalid. The re-maining question is whether the life interest of Jeffrey's widow in the trust fund can be separated from the other provisions of his will and thereby validated. We agree with the District Court that the interests which the will attempted to create were too intimately connected to be severable.[4] We cannot say that Jeffrey would have given his widow the interest which he undertook to give her if he had known that the provision which he undertook to make for his daughters would be held invalid.

Affirmed.

---

[1] D.C.Code 1940, § 45—102.

[2] Minot v. Paine, 230 Mass. 514, 120 N.E. 167, 1 A.L.R. 365; In re Warren's Estate, 320 Pa. 112, 182 A. 396, 104 A.L.R. 1345; Gray, The Rule Against Perpetuities, 4th Ed. 1942, §§ 526, 526.1, 526.2.

[3] Minot v. Paine, supra; Gray, The Rule Against Perpetuities, 4th Ed. 1942, § 523; Bettner, The Rule Against Per- petuities as Applied to Powers of Appointment (1940) 27 Va.L.Rev. 149, 178.

[4] Wills v. Maddox, 45 App.D.C. 128, certiorari denied 242 U.S. 640, 37 S.Ct. 113, 61 L.Ed. 541; Tilden v. Green, 130 N.Y. 29, 28 N.E. 880, 14 L.R.A. 33, 27 Am.St.Rep. 487. Cf. Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88.