## LEWIS v. COCKRELL et al.
### Equity No. 40458.

United States District Court
District of Columbia.

Oct. 27, 1948.

J. Wilmer Latimer, of Washington, D. C., substituted trustee, in pro. per.

Francis W. Hill, Jr., of Washington, D. C., for defendants Susan Lewis Cockrell and others.

Arthur J. Hilland, of Washington, D. C., guardian ad litem for infant defendants.

Austin F. Canfield and Wm. T. Hannan, both of Washington, D. C., for defendant Elizabeth Borman.

HOLTZOFF, District Judge.

This is a petition by the substituted trustee under the will of James H. Saville, who died on December 4, 1912, for a construction of the will and for directions as to the distribution of the estate.

Each of three living grandchildren of the deceased—Susan L. Cockrell, Fulton Lewis, Jr., and Millard Lewis—claims to be entitled to one-third of the corpus at this time as remainderman. On the other hand, Elizabeth Borman, a grand-niece of the deceased, claims the entire corpus.

The will of the deceased, after making some specific bequests, contains the following provisions, which are pertinent to this proceeding:

"Third: All the rest, residue and remainder of my estate * * * I give and bequeath unto my wife, Susan Saville, for and during her natural life, * * *.

"Fourth: Upon the death of my wife, I will and direct that my estate shall vest in my son-in-law, Fulton Lewis, Esq., as Trustee, and the income thereof, after paying the annuities to my sisters, should they still remain a charge upon my estate, shall be equally divided between my two daughters, for each of their sole and separate use and benefit, and in the event of the death of either or both, to the use and benefit of their respective child or children, the descendants of each child, to take the share of the parents should he or she be dead.

"Fifth: In event of the death of either of my said daughters leaving no child or descendant surviving, the income shall be paid to the survivor, and in event of the death of both daughters without descendants surviving, then the income to be paid to my sisters in equal shares, or all to the survivor, and upon the death of both of my sisters, then the whole of my estate shall vest in my grand-niece, Elizabeth Borman, daughter of my nephew, Sidney Borman, and her lawful descendants per stirpes, and should she be dead leaving no lawful descendants, then to Maud Virginia Houston,

the daughter-in-law of my wife, and her lawful descendants per stirpes."

It will be observed that by paragraph Third the testator's wife, Susan Saville, received a life estate in the entire residue. She died in 1922. Each of the two daughters of the deceased—Catherine Saville and Elizabeth Lewis—then became the beneficiary of one-half of the income for life. Catherine died without issue in 1933, and thereupon Elizabeth Lewis became entitled to the entire income for the balance of her life. Elizabeth Lewis died in March 1948, leaving three children, i. e., grandchildren of the testator. They are the defendants, Susan Cockrell, Fulton Lewis, Jr., and Millard Lewis. Each of them claims one-third of the corpus in fee simple under the last clause of paragraph Fourth of the will. On the other hand, the grand-niece, Elizabeth Borman, contends that the last clause of paragraph Fourth of the will is invalid as in violation of the Rule against Perpetuities, and that, therefore, she is entitled to the entire corpus under paragraph Fifth of the will.

It seems desirable to consider first the nature of the interest created by paragraph Fifth of the will for the grand-niece Elizabeth Borman. This paragraph commences with a provision that in the event of the death of either of the testator's daughters, leaving no child or descendant, the income shall be paid to the survivor. Accordingly, upon the death of her sister, Catherine Saville, without issue, in 1933, Elizabeth Lewis became entitled to the entire income. Paragraph Fifth continues with a clause that in the event of the death of both daughters without descendants surviving, certain persons shall take under specified circumstances: first, the sisters of the testator; and then the grand-niece, Elizabeth Borman. It is clear, however, that neither the provision for the sisters, nor the provision for the grand-niece was to become operative except in the event of the death of both daughters without descendants. This contingency was a condition precedent to the right of the grand-niece to take under the will. The condition has not been fulfilled, since one of the daughters, i. e., Elizabeth Lewis, died leaving issue.

The interest devised and bequeathed to the grand-niece, Elizabeth Borman, is a remainder, since it is to follow a life estate. It is a contingent remainder, since it is to become effective upon the occurrence of a contingency or a condition precedent, in addition to the termination of the preceding estate. A contingent remainder does not vest unless the contingency on which it is founded actually occurs. In this case the contingency did not arise, since both daughters did not die without descendants.

The foregoing reasoning is fully sustained by the authorities. Thus, Fearne in his classic work on Contingent Remainders states (p. 3):

"A contingent remainder is a remainder limited so as to depend on an event or condition, which may never happen or be performed, or which may not happen or be performed till after the determination of the preceding estate;—For if the preceding estate (unless it be a mere trust estate) determine before such an event or condition happens, the remainder will never take effect; * * *"

Blackstone, Book II, Ch. 11 (pp. 169, 170) enunciated the following principles:

"Contingent or executory remainders (whereby no present interest passes) are where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event; so that the particular estate may chance to be determined, and the remainder never take effect.

\* \* \* \* \* \*

"A remainder may also be contingent, where the person to whom it is limited is fixed and certain, but the event upon which it is to take effect is vague and uncertain. As, where land is given to A for life, and in case B survives him, then with the remainder to B in fee; here B is a certain person, but the remainder to him is a contingent remainder, depending upon a dubious event, the uncertainty of his surviving A. During the joint lives of A and B it is contingent; and if B dies first, it can never vest in his heirs, but is gone forever; but if A dies first, the remainder to B becomes vested."

Gray in his treatise on The Rule Against Perpetuities (4th Ed.) Section 101, states (p. 89):

"A remainder is contingent if, in order for it to come into possession, the fulfilment of some condition precedent other than the determination of the preceding freehold estates is necessary."

In Parkhurst v. Smith, Willes, 327, 338, 125 Eng.Repts. 1197, 1203, Chief Justice Willes stated:

"* * * we think there are but two sorts of contingent remainders which do not vest;

"1st, Where the person to whom the remainder is limited is not in esse at the time of the limitation;

"2dly, Where the commencement of the remainder depends on some matter collateral to the determination of the particular estate."

In Doe, Lessee of Poor v. Considine, 6 Wall. 458, 474, 18 L.Ed. 869, the court stated:

"A contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event."

In that case the provisions of the will were very similar to those of the will in the instant case. There the testator created a life estate for his son, and then for the son's wife in case she survived her husband. Upon the decease of the son's wife, in case she survived him, otherwise upon the death of the son, the remainder was to pass to the son's children. The will further provided that if the son died without leaving issue, the remainder was to go to the testator's sons-in-law. The court held that the devise over to the three sons-in-law was an alternative or collateral contingent remainder. If the son had died leaving no child surviving him, the remainder would thereupon at once have vested and been converted into an absolute fee simple estate. The court concluded that in no event, except the death of the son without issue, would any interest pass to the sons-in-law.

Similarly, in the case at bar, the devise and bequest to Elizabeth Borman may be regarded as an alternative or collateral contingent remainder, in the phraseology of the Supreme Court in Doe, Lessee of Poor v. Considine, supra, 6 Wall 458, at p. 473, 18 L.Ed. 869. In no event did the will create any interest for Elizabeth Borman except on the occurrence of the specified contingency, namely, the death of both daughters of the testator without descendants. This contingency not having occurred, Elizabeth Borman is not entitled to take under paragraph Fifth of the will.

It is argued, however, that the provision for the grandchildren contained in paragraph Fourth of the will, is void as contravening the Rule Against Perpetuities and that, therefore, the corpus of the estate should pass to the grand-niece under paragraph Fifth. This line of reasoning seems to involve a non sequitur. Elizabeth Borman is given a contingent remainder, which cannot vest except upon the occurrence of the contingency upon which it is predicated. This contingency has not arisen. Consequently, Elizabeth Borman takes nothing. Even if the provision for the grandchildren were void, the property cannot pass to Elizabeth Borman. The situation would merely result in an intestacy as to the property covered by the invalid clause.

The court, therefore, concludes that Elizabeth Borman is not entitled to take under the will under any circumstances.

The court will now pass to a consideration of the interests of the three grandchildren,—Susan Cockrell, Fulton Lewis, Jr., and Millard Lewis. The basis of their rights is found in paragraph Fourth of the will. This paragraph first creates a trust estate for the benefit of the two daughters. The two daughters have died. Paragraph Fourth continues: "* * * and in the event of the death of either or both, to the use and benefit of their respective child or children, the descendants of each child, to take the share of the parents should he or she be dead". Do the grandchildren take the corpus of the estate in fee simple, or are they to receive only the income for life? A strictly literal and grammatical construction of paragraph Fourth would result in giving the grandchildren only the income for their respective lives. The subject of

the entire sentence is the word "income", which precedes the clause above quoted. The pertinent portions of the provision are: "the income thereof * * * shall be equally divided between my two daughters * * * and in the event of the death of either or both, to the use and benefit of their respective child or children." "Income" is the subject matter of the disposition, both in the first and second clauses just quoted.

In construing a will, however, the court is not necessarily bound by its strict literal meaning. It is the duty and function of the court to endeavor to effectuate the intention of the testator insofar as it can be ascertained from the instrument itself. In so doing the court may depart from the precise literal significance of the phraseology used by him. In order to achieve this end, words that are clearly surplusage may be disregarded and words not in the document may be inserted, Walker v. Thomas, 64 App.D.C. 148, 75 F.2d 667, 99 A.L.R. 713; Farrar v. Bingham, 68 App.D.C. 93, 93 F.2d 252; Evans v. Ockershausen, 69 App.D.C. 285, 290 et seq., 100 F.2d 695, 128 A.L.R. 177; Pyne v. Pyne, 81 U.S.App.D.C. 11, 154 F.2d 297.

In Farrar v. Bingham, supra, Mr. Chief Justice Groner observed (68 App.D.C. at page 95, 93 F.2d at page 254), that it is the duty of the court if possible to give effect to the intent of the testator. He added that "in order to reach this end words may be supplied and omitted and sentences transposed."

In Walker v. Thomas, supra, 64 App.D.C. at page 149, 75 F.2d at page 668, 99 A.L.R. 713, Mr. Chief Justice Groner summarized the applicable principles as follows:

"The law in this jurisdiction, as well as in all the states of the United States, is that the intention of the testator is the basic and fundamental rule in the construction of wills, and the intention should be determined by construction of the whole will and not from detached paragraphs; and where the intention is apparent, it should be given effect—and this is true—even though to do so involves the rejection of the literal meaning of particular words."

If paragraph Fourth should be construed literally, and the last clause were to be interpreted as giving to the grandchildren only the income for life, there would be no disposition of the remainder in fee simple, and an intestacy would result upon the death of the grandchildren. Manifestly, the testator could not have intended such a frustration. Moreover, it is well settled that in case of doubt the court will, adopt a construction which would avoid an intestacy. Accordingly, the court is of the opinion that the last clause of paragraph Fourth should read as though it were phrased as follows:

"* * * and in the event of the death of either or both, the remainder to the use and benefit of their respective child or children."

In other words, to carry out the obvious intent of the testator it is necessary to insert the words "the remainder" in the last clause of paragraph Fourth.

It is obvious upon an examination of the entire will that it was the natural desire and the manifest intention of the testator to create a life estate for his widow, to be followed by life estates for his two daughters, and that upon the death of the two daughters, the property should pass to the grandchildren. It is not reasonable to assume that he contemplated the creation of life estates for his grandchildren following the life estates to his daughters, and that upon the death of the grandchildren there should be an intestacy. His intention is accentuated by paragraph Fifth, in which he made provision for the contingency of both daughters dying without descendants. In that event, and only in that event, the estate was to be diverted to a collateral line.

There is another reason which would lead the court to place the foregoing interpretation on paragraph Fourth. If the will should be interpreted as creating life estates for the grandchildren, instead of giving them the corpus in fee simple, the provision would violate the Rule Against Perpetuities as well as the rule against unlawful restraints on alienation. Under the Rule Against Perpetuities an estate may vest after any number of lives in being and 21 years, but no interest is good unless it must vest, if at all, not later than 21 years after some life in being at the creation of

the interest, Gray on Rule Against Perpetuities (4th Ed.), Sections 190, 201, 216, 217; Restatement of the Law of Property, Section 374; Burdick v. Burdick, D.C., 33 F.Supp. 921. A life estate left to a class consisting of persons in being, but which may open and let in other members who are not in being at the time of the testator's death, would be obnoxious to the Rule Against Perpetuities. This is due to the fact that under such circumstances the vesting might be postponed beyond lives in being and 21 years, Gray, Rule Against Perpetuities (4th Ed.) Section 205.2; 11 Columbia Law Review 270. In this case the three grandchildren were alive at the time of the testator's death. It is entirely conceivable, however, that other grandchildren might have been born subsequently to that date and, therefore, there would have been a possibility as of the date of the testator's death that the vesting of the fee simple might have been postponed beyond lives in being, if the grandchildren were to take only a life estate.

The literal construction would also be repugnant to the prohibition against unlawful suspension of alienation. In the District of Columbia, this principle has been enacted into statute, which reads as follows, D.C. Code 1940, § 45—102:

" * *. * every future estate * * * shall be void in its creation which shall suspend, or may by possibility suspend, the power of absolute alienation of the property, so that there shall be no person or persons in being by whom an absolute fee in the same, in possession, can be conveyed, for a longer period than during the continuance of not more than one or more lives in being and twenty-one years thereafter."

For the reasons just stated if the testator created life estates for the benefit of the grandchildren, it would have been possible that for a longer period than lives in being and 21 years thereafter there might have been no person or persons by whom an absolute fee could have been conveyed. Naturally, if a will is capable of two constructions, one legal and the other bad for remoteness or for illegal suspension of alienation, it is a fair presumption that the testator intended to create a valid disposition. Gray, Id., Sec. 633. These considerations seem to fortify the conclusion reached by the court that the corpus should be divided at this time, and that each of the three grandchildren takes one-third of the corpus in fee simple.

If, however, the literal construction of the will were to be adopted, namely, that only life estates are created for the benefit of the grandchildren, this provision would be void as repugnant to the Rule against Perpetuities and violative of the rule against unlawful restraints on alienation. The reasons for this conclusion have already been indicated. In such an eventuality there would be an intestacy. It happens, however, that the three grandchildren are also the heirs at law and next of kin of the testator, and would take by intestacy if they did not take under the will.

The court, therefore, concludes that the corpus should be divided at this time and that each of the three grandchildren,—Susan Cockrell, Fulton Lewis, Jr., and Millard Lewis—, should receive one-third of the corpus in fee simple.

Counsel will submit proposed findings of fact and conclusions of law, and a proposed form of judgment.