**Ann Burrough (Donovan) CENNAMO, Plaintiff,**

v.

**AMERICAN SECURITY & TRUST COMPANY et al., Defendants.**

**Admin. No. 1207–69.**

United States District Court,
District of Columbia.

July 10, 1973.

Anthony D. Cennamo, and Julian P. Freret, Washington, D. C., for plaintiff.

John L. Laskey, Washington, D. C., Guardian ad litem for Cynthia D. and Dean S. Reiche.

John Lewis Smith, III, Washington, D. C., Guardian ad litem for James H. Donovan, III.

Benton C. Tolley, Jr., Washington, D. C., for defendant American Security & Trust Co.

## MEMORANDUM-ORDER

GASCH, District Judge.

This matter came on for consideration on plaintiff's Motion for Summary Judgment and Motion to Terminate Trust Under Will of Dorothy H. Burrough, oppositions thereto filed by other parties to the suit, and argument by counsel in open court. Plaintiff also filed a "Motion for Clarification of Payment of Attorney's Fee from Estate of Deceased," which the Court finds premature at this time; it can be ruled on later by the Court to which jurisdiction over probate matters is transferred.

By stipulation in open court on May 24, 1973, plaintiff agreed to withdraw all attacks on the will of Dorothy H. Burrough, dated March 5, 1969 (as modified by a codicil dated April 24, 1969) except for her claim regarding the alleged invalidity of its trust provisions. Specifically plaintiff contends that the common law rule against perpetuities and a District of Columbia statute regarding suspension of the power of alienation render invalid any and every trust created under Item Ninth of the will as modified by the codicil. Alternatively plaintiff contends that if this Court finds that Item Thirteenth of the will (the so-called "saving clause") does modify Item Ninth, then the Court must also find that Item Thirteenth requires the immediate termination of the life trust of which plaintiff, the only daughter of the testatrix, is the sole beneficiary. Upon termination, plaintiff asserts, the trust property should be distributed "to those persons entitled to the income therefrom." Plaintiff's motions are opposed by all of the other parties, namely, the defendant American Security & Trust Company as trustee, defendant Janet Reiche,[1] and the guardians ad litem for the class beneficiaries of the trust remainder. (Hereafter, for the sake of brevity, the parties will be referred to as plaintiff and defendants.) For the reasons that follow, the Court will deny both of plaintiff's motions.

The portions of the will cited by the parties as being particularly relevant to the issues before the Court are Item Ninth, which creates the trusts in question, Item Eleventh (cited by plaintiff as sustaining her view of the testatrix's intent), and Item Thirteenth, which defendants cite as sustaining their position regarding the validity of trusts created under the will. These portions of the will provide as follows:

NINTH: I give, devise and bequeath all the rest, residue, and remainder of my property, both real and personal, wherever situated, whether owned by me at this time or hereafter acquired by me and all property over which I may have power of appointment and can dispose of by will to the Trustee hereinafter named, IN TRUST, for the uses and purposes hereinafter set forth:

A. If my daughter, ANN BURROUGH DONOVAN, survives me, then during her lifetime my Trustee shall distribute to my said daughter, or for her benefit, at least as often as quarterly, all of the net income of this trust. In addition to such income, in the event my said daughter remarries and if during the period of such marriage she desires to purchase a home to be used as her residence, my Trustee is hereby authorized and directed to pay to my daughter, or for her benefit, the sum of Five Thousand ($5,000.00) Dollars from the principal of said trust to be used as a downpayment, or a portion thereof on the purchase of such residence and my Trustee is fully authorized to pay such amount even though my said daughter and her spouse may elect to take title to such residence in their joint names. My Trustee shall also distribute to my daughter, or for her

---

1. Mrs. Reiche's children are among the designated class beneficiaries, but Mrs. Reiche has no direct interest in the issues raised by the motions herein. Through counsel she has joined in the opposition filed by the guardian ad litem for her children.

benefit, such amounts of the principal of the trust which may be necessary or advisable, in the sole discretion of my Trustee, to meet the medical, educational and emergency needs or any other unusual living expenses of my said daughter or any of her children.

B. Upon the death of my said daughter or upon the receipt of the trust fund by my Trustee if she does not survive me, this trust shall terminate and my Trustee shall divide the entire trust property and estate then held by it hereunder, together with any accrued and undistributed income into equal separate shares as hereinafter provided and shall distribute said trust fund, free of trust, to the following individuals who survive both my daughter and myself:

(1) One share shall be distributed to each child of my daughter, ANN BURROUGH DONOVAN, or to their then living descendants, per stirpes, if any child of my said daughter does not survive both my daughter and myself; and

(2) One share shall be divided among all of the then living descendants of my niece, JANET T. REICHE in equal portions of said share, per stirpes, and each of said portions of said share shall be distributed to each of said then living descendants.

Notwithstanding the foregoing, if any of the above beneficiaries is un-

30 DB

der the age of thirty-~~five~~ ~~(35)~~ years at the time of the distribution hereinbefore described, I direct my Trustee to hold the share of such beneficiary in further trust with all the rights, powers and discretion herein conferred upon it, applying such portion of the income from such beneficiary's share for the support, health, education and general welfare of such beneficiary as the Trustee in its sole discretion shall deem advisable, adding any unused income to the trust principal of such beneficiary, and distributing all property and assets remaining in said share to such beneficiary of

such share upon beneficiary attaining

30 DHB

the age of thirty-~~five~~ ~~(35)~~ years or upon his death prior to attaining such age. In the event of the death of any of the beneficiaries prior to such distribution, my Trustee shall thereupon distribute all property and assets held in trust by it to such beneficiary's then living descendants, in equal shares, per stirpes, or in the event there are no such then living descendants, my Trustee shall thereupon distribute all property and assets held in trust by it in accordance with the terms and provisions of this Will as if such deceased beneficiary predeceased both my daughter and myself leaving no then living descendants. Provided, however, that if any assets or property are then being held in trust under this subparagraph B for any person who shall become entitled to a part or all of such distribution, his or her share of such distribution shall be added to the assets or property held in trust for such person hereunder and shall be governed by the terms hereof applicable to such other assets or property.

C. If any beneficiary who shall at any time become entitled to a portion of any trust created hereunder is under the age of twenty-one (21) years at the time of such distribution, I direct my Trustee to hold such beneficiary's share in further trust for such beneficiary, with all rights, powers and discretion herein conferred upon it, applying such portion of the income thereof for the support, health, education and general welfare of such beneficiary as the Trustee in its discretion shall deem advisable, adding any unused income to the trust principal, and distributing all property and assets remaining in said share to such beneficiary upon the attainment of the age of twenty-one (21) years by such beneficiary. In the event of the death of such beneficiary prior to attaining the age of twenty-one (21) years, my Trustee shall distribute all property

and assets remaining in such share to such beneficiary's executor or administrator.[2]

ELEVENTH: It is not my intention that the assets of any trust created hereunder be conserved for the benefit of remaindermen. On the contrary, my primary purpose in creating such trusts, is to provide for my daughter, ANN BURROUGH DONOVAN and the other income beneficiaries. The rights and interest of remaindermen are subordinate and incidental to that purpose. Nor is it my intention, however, in creating these trusts to relieve the fathers of any minor beneficiary or the husbands of any female beneficiary of their responsibility to support such beneficiary.

THIRTEENTH: If any trust created hereunder shall violate any applicable rule against perpetuities, accumulations or any similar rule or law, my Trustee is hereby directed to terminate such trust on the date limited by such rule or law and thereupon the property held in such trust shall be distributed to the persons then entitled to share the income therefrom in the proportions in which they are then entitled to share such income, notwithstanding any provision of this will to the contrary.

The first question for the Court is whether the life trust set up for benefit of the plaintiff under Item Ninth is part of a general scheme intended by the testatrix. If the trust for the life beneficiary is entirely separate from the trusts for the class beneficiaries, then the Court need not determine the validity of the latter at this time. Hazen v. American Security & Trust Co., 49 U.S. App.D.C. 297, 265 F. 447 (1920). The Court finds, however, that the will does create a general scheme for the disposition of the trust income and assets, and it will proceed to rule on the validity of that scheme in its entirety. Mondell v. Thom, 79 U.S.App.D.C. 145, 143 F.2d 157 (1944).

At the outset it must be said that Item Ninth, read in isolation from the rest of the will, clearly does violate the common law rule against perpetuities and 45 D.C.Code § 102, which limits the period during which the power of absolute alienation of property may be suspended.[3] The twenty-three lines following paragraph Ninth (B)(2) constitute the offending portion of the will; for, it is not certain that all members of the classes designated in paragraphs Ninth (B)(1) and (B)(2) will reach age 30 within twenty-one years after the death of Mrs. Ann Burrough (Donovan) Cennamo, the plaintiff. (All parties agree that plaintiff's is the relevant life in being from which the vesting of in-

2. In the twenty-three lines following paragraph NINTH (B)(2) and the figure "30" and the testatrix's initials appear as handwritten interlineations at the places indicated.

3. This Code provision reads as follows:
§ 45–102. Perpetuities—Excepting charitable uses.
Except in the case of gifts or devises to charitable uses, every future estate, whether of freehold or leasehold, whether by way of remainder or without a precedent estate, and whether vested or contingent, shall be void in its creation which shall suspend, or may by possibility suspend, the power of absolute alienation of the property, so that there shall be no person or persons in being by whom an absolute fee in the same, in possession, can be conveyed, for a longer period than during the continuance of not more than one or more lives in being and twenty-one years thereafter.
This section was in force at the time the will in question was executed. By its terms it differs slightly from the common law rule against perpetuities in the classic formulation of Gray: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, The Rule Against Perpetuities § 201 (4th ed. 1942). Any distinctions are, however, unimportant since both the statute and the common law rule are in effect in the District of Columbia. American Security & Trust Co. v. Cramer, 175 F.Supp. 367, 370 (D.D.C.1959).

terests or the acquisition of the power of absolute alienation must be measured.) Thus, it is possible that the suspension of the power of absolute alienation of property might not expire within twenty-one years after plaintiff's death [4] and that not all the shares will vest nor all the members of the class be finally determined within that period. The share of any potential member of the class who dies before reaching age 30 passes to the decedent's living descendants *per stirpes* or, if he leaves no descendants, then it passes under the will "as if such deceased beneficiary predeceased both my daughter and myself leaving no then living descendants."

■ Defendant American Security & Trust Company has cited Wills v. Maddox, 45 App.D.C. 128 (1916), as authority for the proposition that the interests might be held to vest within the limits of the rule against perpetuities with only *enjoyment* thereof being deferred. However, the authority of *Wills* is severely weakened, if not destroyed, by the later case of Mondell v. Thom, 79 U.S. App.D.C. 145, 143 F.2d 157 (1944), in which the court found the rule to be violated where the beneficiaries of the remainder interests were not able to "take their shares outright" until they reached age 25, an event which might not occur within twenty-one years after the relevant lives in being. The mere possibility that events might not develop in this manner is not sufficient to eliminate the infirmity of these twenty-three lines, since there must be certainty of vesting and of power to alienate within the allowable period. American Security & Trust Co. v. Cramer, 175 F.Supp. 367, 371 (D.D.C.1959).

However, if the twenty-three lines in question are struck from the will, the trust provisions of Item Ninth will not violate 45 D.C.Code § 102 or any applicable rule against perpetuities. For with those lines eliminated, the shares will vest within the allowable period in those within the classes designated by paragraphs Ninth (B)(1) and (B)(2). Pursuant to the terms of paragraph Ninth (C), they will be distributed free of trust to any beneficiary reaching age 21 or, if he dies before attaining that age, to his administrator or executor. Such a plan is entirely valid in the District of Columbia. Gertman v. Burdick, 75 U.S.App.D.C. 48, 123 F.2d 924 (1941).

■ Plaintiff contends, however, that the phrase "void in its creation" in 45 D.C.Code § 102 requires that Item Ninth be found void *ab initio* and beyond the power of any court to save by judicial construction. The Court rejects this contention because it concludes that Item Ninth, read together with Item Thirteenth, does not now and never did in fact provide for the creation of trusts in violation of 45 D.C.Code § 102 or the common law rule against perpetuities. Item Thirteenth requires that any trust created under the will terminate "on the date limited" by "any applicable rule against perpetuities, accumulations, or any similar rule or law." Item Thirteenth thus conflicts with the twenty-three lines following paragraph Ninth (B)(2), and for the reasons set forth below, the Court finds that Item Thirteenth prevails, requiring the elimination of the twenty-three lines in question.

■ The Court could not, of course, reach this determination if such a construction of the will did not harmonize with the testatrix's apparent intent, for "[t]he cardinal principle in construction of all wills is that the intention of the testator must prevail." Dean v. Tusculum, 90 U.S.App.D.C. 304, 195 F.2d 796 (1952). Moreover, the Court must search for this intent by scrutinizing the will in its entirety rather than by looking at isolated or detached paragraphs, Hall v. Killingsworth, 102 U.S. App.D.C. 307, 253 F.2d 43 (1958); Hilton v. Kinsey, 88 U.S.App.D.C. 14, 185

---

4. A spendthrift clause applicable to all trust beneficiaries is included as Item Twelfth of the will.

F.2d 885 (1950). Proceeding in this manner, the Court discerns an intent to create a series of valid trusts. By eliminating the twenty-three lines following paragraph Ninth (B)(2) the Court is not writing a will different from that intended by the testatrix.[5]

The terms of Item Eleventh and the change which the testatrix made by codicil in paragraph Ninth (A)[6] manifest the testatrix's intent to provide income for the plaintiff, her only daughter, for life and, insofar as possible, to insure the continuing availability of funds for any emergency needs of plaintiff or her children which might arise. The Court discerns a further intent that, after plaintiff's death, any remaining trust assets pass in the specified shares to the designated class beneficiaries with the shares held in further trust for any minor beneficiaries until they reach the maximum age which the will may require consistent with "any applicable rule against perpetuities, accumulations or any similar rule of law." While the lines following paragraph Ninth (B)(2) indicate a desire that each beneficiary's share of the assets remain in trust until he or she reaches the age of 30, it seems clear that the *primary* intent is that the shares remain in trust for the maximum time allowable or until the beneficiary reaches age 30, whichever comes first. It is quite clear that the testatrix did not intend to create a defective trust which would result in paying the entire trust assets to the plaintiff at once. For her intention of preserving the trust assets insofar as possible to provide for plaintiff in emergencies would thereby be frustrated.

To effectuate her primary intent of creating valid trusts for the plaintiff and any minor remainderman benefi-ciaries, the testatrix included Item Thirteenth, the saving clause. There are no decisions on point in the District of Columbia as to the effect of such a saving clause, but there is authority from other jurisdictions for the proposition that it can render valid an otherwise invalid trust. Nelson v. Mercantile Trust Co., 335 S.W.2d 167 (Mo.1960); Tolman v. Reeve, 393 Ill. 272, 65 N.E.2d 815, 823 (1946); 70 C.J.S. Perpetuities § 35, p. 626.

In reaching its determination that Item Thirteenth corrects the infirmities in Item Ninth, the Court has been guided by its understanding of the intent of the testatrix gathered from the will in its entirety. In addition, the Court is aided in reaching this conclusion by the well-settled rule that "all presumptions are in favor of the validity of a will as against the contention that it violates the rule against perpetuities." Hilton v. Kinsey, 88 U.S.App.D.C. 14, 18, 185 F.2d 885, 889 (1950), citing Shoemaker v. Newman, 62 U.S.App.D.C. 120, 65 F.2d 208 (1933).

In summary, then, the Court holds that the intent of the testatrix in the will under consideration here is best effectuated by elimination of the twenty-three lines following paragraph Ninth (B)(2), and that the will as thus construed does not violate the common law rule against perpetuities or 45 D.C.Code § 102. Thus plaintiff's Motion for Summary Judgment must be denied.

The Court will also deny plaintiff's "Motion to Terminate Trust Under Will of Dorothy H. Burrough." That motion is apparently predicated on the grounds set forth in plaintiff's points and authorities supporting her summary judgment motion, and in particular on her

---

5. "In construing a will . . . the court is not necessarily bound by it strict literal meaning. It is the duty and function of the court to endeavor to effectuate the intention of the testator insofar as it can be ascertained from the instrument itself." Lewis v. Cockrell, 80 F.Supp. 380, 384 (D.D.C.1948). See also Hall v. Killingsworth, 102 U.S.App.D.C. 307, 253 F.2d 43 (1958); Hilton v. Kinsey, 88 U.S.App.D.C. 14, 185 F.2d 885 (1950).

6. In the will as executed on March 5, 1969, the testatrix provided that $10,000.00 could be paid to plaintiff directly as a down-payment on a new home. By codicil executed April 24, 1969, the testatrix reduced this amount to $5,000.00.

contention therein that Item Thirteenth "operates to terminate any invalid trust at the death of the testator" (Plaintiff's brief, p. 10). This contention rests on plaintiff's misreading of Item Thirteenth, which by its express terms calls for the termination of any trust "on the date limited" by the rule or law referred to therein. As indicated by the Court's analysis above, the date indicated would be twenty-one years after the death of the plaintiff.

Accordingly, it is by the Court this 10th day of July, 1973,

Ordered that plaintiff's Motion for Summary Judgment be, and the same hereby is, denied; and it is further

Ordered that plaintiff's Motion to Terminate Trust Under Will of Dorothy H. Burrough be, and it hereby is, denied.