# LANDRAM v. JORDAN.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 179. Argued October 9, 1906.—Decided October 22, 1906.

Testator created a trust for his children including therein all of his property except one parcel, the income whereof was to go to a niece for life, the trustees to make such income up to a specified sum from the property in the general trust. The general trust was declared void as creating a perpetuity but not the trust for the niece. The children appealed claiming that the trust for the niece was also void. Held that

One not appealing cannot, in this court, go beyond supporting the judgment and opposing every assignment of error, and therefore the niece could not endeavor to sustain the validity of the trust as a whole.

The trust for the niece was not illegal, and was not so intimately connected with the failing trust as to fail with it; but the decree was modified so that the income could only be made up to the specified sum from income from property in the jurisdiction.

An objection that a person should have been made a party to a bill of review comes too late when the existence of that person does not appear of record.

25 App. D. C., 291, modified and affirmed.

THE facts are stated in the opinion.

*Mr. John J. Hemphill,* with whom *Mr. James Hemphill* was on the brief, for appellants:

The testator violated the law of this jurisdiction in placing the title to Washington real estate in the hands of trustees without power to alienate prior to 1928. *Ould* v. *Washington Hospital,* 95 U. S. 303, 312. See also Code of the District, and as to rule in other jurisdictions see *Jones* v. *Habersham,* 107 U. S. 174; *McArthur* v. *Scott,* 113 U. S. 340, 381. The rule applies to the possibility of non-vesting. *Proprietors* v. *Grant,* 3 Gray, 142, 153; 1 Perry on Trusts, § 380; *Sears* v. *Putnam,*

102 Massachusetts, 5; *Barnum* v. *Barnum*, 26 Maryland, 119. It applies to equitable estates and trusts. 1 Perry on Trusts, § 382; *Bigelow* v. *Cady*, 171 Illinois, 209; *Andrews* v. *Lincoln*, 95 Maine, 541. If the suspension be for a fixed period without reference to a life or lives, such period cannot exceed twenty-one years flat. Page on Wills, § 632; *Andrews* v. *Lincoln*, 95 Maine, 541; *Kimball* v. *Crocker*, 53 Maine, 263.

Under the New York statute limiting the suspension to two lives in being, as well as under similar statutes of other States, it is held that if a gross or absolute term of years instead of lives is taken as the measure of suspension, the statute is violated however short the term may be: *Beekman* v. *Bonsor*, 23 N. Y. 298, 316; *Rice* v. *Barrett*, 102 N. Y. 161; *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337. See also *Re Walkerley Estate*, 108 California, 627; *DeWalf* v. *Lawson*, 61 Wisconsin, 473.

The rule is one of law and not of construction. Gray on Perpetuities, § 629; *Pearles* v. *Moseley*, 5 App. Cas. (H. of L.) 714, 719; *Hasman* v. *Pearse*, L. R., 7 Ch. App. 275, 283.

For cases where provisions similar to those in suit were held bad, see *Fidelity Trust Co.* v. *Lloyd*, 78 S. W. Rep. (Ky.) 898; *Andrews* v. *Lincoln*, 95 Maine, 541; *Coleman* v. *Coleman*, 65 S. W. Rep. (Ky.) 832; *Phillips* v. *Heldt*, 71 N. E. Rep. (Ind.) 320; *Speakman* v. *Speakman*, 8 Hare, 180; *Kimball* v. *Crocker*, 53 Maine, 263.

The trust covering the Washington realty being void, the provision for the appellee falls within it. *Knox* v. *Jones*, 47 N. Y. 393, 398; *Pitsel* v. *Schneider*, 216 Illinois, 17; *Lawrence* v. *Smith*, 163 Illinois, 149; *Harris* v. *Clark*, 7 N. Y. 242, 257; *Barnum* v. *Barnum*, 26 Maryland, 19; *Coster* v. *Lorillard*, 14 Wend. (N. Y.) 265; *Re Christie*, 133 N. Y. 473; *Amory* v. *Lord*, 9 N. Y. 403; 28 Am. & Eng. Ency. Law, 2d ed., 866.

The trust created by the testator is not merely a part of the machinery for accomplishing a subsequent intention towards any objects of his bounty, but was primarily created and intended for the purpose of conserving this property and holding it together for a fixed period without reference to

consequences. The disposition of the income was not a necessary element of the trust. It was an incident and an outgrowth, and of course, dependent upon it.

As the attempted trust embodies the general scheme or plan of the testator as to his Washington real estate, the direction to his trustees to pay appellee forty dollars per month—being a part of the monthly income of the trust property—rests upon the void trust, so that it cannot be established without reliance upon the void trust.

The cases cited by the court below, and in the appellee's brief can be distinguished.

Mary, B. Kearney who is a necessary party has not been brought into court.

Any person, not a party to the original suit, who becomes interested in the subject-matter in controversy by operation of law, or under a distinct claim not derived from one of the parties, must be made a party to the bill of review, and is not bound by the proceedings under it, unless he be made a party. *Debell* v. *Foxworthy's Heirs*, 9 B. Mon. (Ky.) 228, 231. All whose interests are to be affected by a decree should be made parties to a bill of review to reverse it. *Turner* v. *Berry*, 3 Gilman (Ill.), 541, 543, citing *Bank of U. S.* v. *White*, 8 Peters, 262, 268; Story's Eq. Pleading, 420; Daniel Chan. Pl. and Pr., 6th ed., § 1580; *Singleton* v. *Singleton*, 8 B. Mon. 349.

Mrs. Kearney became entitled to dower in an undivided one-half of the real estate in the District of Columbia upon the filing of the decree of June 27, 1900, declaring the will invalid as to the real estate in the District, and was a necessary party to the proceeding in the lower court. 2 Am. & Eng. Enc. Law, 1st ed., 264; Story's Equity Pl. § 240; *Turner* v. *Berry, supra; Creed* v. *Lancaster Bank*, 1 Ohio St. 1.

Appellee's contention that the court below was without jurisdiction to entertain the original suit can not be raised by a bill of review. 16 Cyc. 529; *Friley* v. *Hendricks*, 27 Mississippi, 412, 418; *Donaldson* v. *Nellis*, 108 Tennessee, 638; *Berdanatti* v. *Sexton*, 22 Tenn. Chan. 699, 703.

*Mr. Charles F. Wilson,* with whom *Mr. Frank W. Hackett* was on the brief, for appellee:

As to the validity of the annuity for Miss Jordan, the trust is valid; it is separate from the other trusts and can be upheld even if they are invalid; it is not essential to the general scheme. *Manice* v. *Manice,* 43 N. Y. 307; *Oxley* v. *Lane,* 35 N. Y. 349; *Harrison* v. *Harrison,* 36 N. Y. 54; *Tiers* v. *Tiers,* 98 N. Y. 568; *Van Schuyer* v. *Mulford,* 59 N. Y. 432. The trust itself is valid; there was no intention to create a perpetuity. -A will need not in express terms provide that the particular trust for each beneficiary shall cease upon his or her death. It is enough that a necessary implication exists that such was the testator's intention. *Montignani* v. *Blade,* 145 N. Y. 111; *Estate of Hendy,* 118 California, 659; Gray on Perpetuities, § 201.

*Mr. Frank Sprigg Perry* on behalf of Mary B. Kearney, petitioner:

On a bill of review all parties interested should be made parties defendant. *Friley* v. *Hendricks,* 27 Mississippi, 412; *Ralston* v. *Sharon,* 51 Fed. Rep. 714; *Shields* v. *Barrow,* 17 How. 130, 140; *Mallow* v. *Hinde,* 12 Wheat. 193, 198; *Cameron* v. *McRoberts,* 3 Wheat. 591; *Williams* v. *Bankhead,* 19 Wall. 563.

Affirmance of decree in this case would reduce petitioner's dower interest in the property in the District of Columbia, and, therefore, she is an indispensable party. *Shepard* v. *Manhattan Ry. Co.,* 117 N. Y. 446; *Sykes* v. *Chadwick,* 18 Wall. 145; *Rogers* v. *Potter,* 32 N. J. L. 78.

Under the laws of Maryland in force in this District at testator's death, the trust was a perpetuity and void. 2 Kilty's Laws of Maryland, Ch. 101, subch. 1; Abert's Digest Dist. of Col. Laws, Ch. 70, § 2; see § 1023 D. C. Code; *Ould* v. *Hospital,* 95 U. S. 304, 312; *Hopkins* v. *Grimshaw,* 165 U. S. 342, 355; *Barnitz, lessee,* v. *Casey,* 7 Cr. 456, 469.

The invalidity of this trust is not affected by the clause which provides that the devisees shall receive the net rents arising from the respective houses and lots herein devised to them respectively upon the happening of certain events. Were this simply a passive trust from and after the happening of the event therein named, it might be contended that the rule against perpetuities did not apply. This contention would be based on the ground that the estates would coalesce. The word "net" takes the case out of the domain of passive trusts and makes it clearly an active trust. The word "net" means obtained after deducting all expenses. Standard Dictionary; Bouvier's Law Dict., Rawle's Revision; *St. John* v. *Erie Railway Co.;* 22 Wall. 137, 148. As to what is an active trust see *Stambaugh's Estate,* 135 Pa. St. 597; *Meacham* v. *Steel,* 93 Illinois, 145; Perry on Trusts, § 305; *Girard Life Ins. Co.* v. *Chambers,* 46 Pa. St. 486; 26 Am. & Eng. Ency. Law, 143; *Slater* v. *Rudderforth,* 25 App. D. C. 497; *MacCarthy* v. *Tichenor,* 29 Wash. L. R. 442.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the Court of Appeals of the District of Columbia affirming a decree of the Supreme Court upon a bill of review brought by Gabriella K. Jordan, the appellee. The decree under review was rendered in a suit for the construction of the will of Thomas Kearney and for the determination of the validity of a trust created by it, so far as the same concerned land in the District of Columbia. That decree declared the trust bad as attempting to create a perpetuity. Under the bill of review the decree was modified, on demurrer, to the extent of the interest of Gabriella K. Jordan, and the trust was declared valid as to her. 25 App. D. C. 291. The executors of the testator's heir and a daughter of the said heir appealed to this court.

Thomas Kearney died on July 5, 1896. The will disposes of land in various places. In item 3 it enumerates the tes-

tator's property in Washington. In item 5, it devises this and other property upon a trust to be continued until January 1, 1928, and there and elsewhere, with the following exception, makes a fund from the Washington rents and profits to be disposed of as directed in the will. Item 6 is as follows:

"I hereby authorize and direct that my said trustees shall during the natural life of my beloved niece, Gabriella K. Jordan, pay over to her regularly each month, as soon as collected, all rents and revenues collected or derived from that certain property described in the third item hereof as lot No. 611 'M' Street, N. W., Washington, D. C.; but, in case said rents and revenues shall at any time be less than the sum of forty dollars for any one or more months, then my said trustees are hereby authorized and instructed to add to the sum so collected a sufficient amount to make the said amount of forty dollars for each and every month; it being my desire that she shall have a regular income of at least forty dollars per month, and that the same shall be paid over to her monthly; but if the income derived from said premises shall amount to a sum in excess of forty dollars per month she shall have the whole thereof."

Item 7 directs the trustee to let all the Washington property, except 611 M street, and out of the rents to pay ninety dollars a month to the testator's daughter, Constance K. Vertner, as ordered in item 5; the residue, so far as necessary, to be applied to the support and education of her three children, named, with further provisions. Item 8 gives the remainder in fee of 611 M street to the testator's grandson, provided that if Gabriella Jordan dies before January 1, 1928, he shall only receive the rents and profits, and if she dies before the grandson reaches the age of twenty-two the rents shall be disposed of as provided in item 7 as to other Washington property. In item 21 the testator, "for fear that there may be some difficulty in construing the different provisions" of the will, states his intention that all the money

arising from the Washington rents, "except that which is to go to Gabriella K. Jordan, shall be placed in a common fund for the payment (1) of taxes, insurance and repairs on said property and of the premises at Luray, Virginia; (2) of (90) ninety dollars per month to my said daughter, Constance K. Vertner during her natural life; (3) for the support, education and maintenance of my said three Vertner grandchildren until Lillie K. Vertner shall have arrived at the age of nineteen years, and until Edmund K. and Thomas K. shall have arrived at the age of twenty-two years, respectively."

The persons in whose favor were made the provisions which were adjudged bad were one of the testator's heirs, his daughter, Constance K. Vertner, and the children of Constance. The daughter pleaded that the other heir, Edmund Kearney, also provided for in the will, died, leaving her his heir, that the trust was bad, and, by implication, that she was entitled to the property which it embraced. She now is dead. By the original decree the whole trust fund, including that given to Gabriella Jordan, went to the testator's heirs as property undisposed of by the will. The only person dissatisfied with that decree was Gabriella Jordan, and on the other hand the executor and children of Constance are the only appellants from the decree on review. According to the rule that has been laid down in this court, Gabriella, as she did not appeal, cannot go beyond supporting the decree and opposing every assignment of error. *Mount Pleasant* v. *Beckwith,* 100 U. S. 514, 527; *The Stephen Morgan,* 94 U. S. 599; *Chittenden* v. *Brewster,* 2 Wall. 191, 196; *Field* v. *Barber Asphalt Paving Co.,* 194 U. S. 618, 621. We assume this rule to be correct. Although her counsel attempted to argue the validity of the trust as a whole, and other questions, we assume, without deciding, the decree to be unimpeachable and right except so far as appealed from. Therefore we shall confine ourselves to considering whether the gift to Gabriella is so intimately connected with the failing scheme as to fail with it.

It would be a strong thing to say that we gather from this will an intent that, if the trust so far as it concerns the testator's descendants should fail because they prefer to take the property by intestacy free from the limitations of the will, therefore the one gift outside his family should be defeated also. The trust is not a metaphysical entity or a Prince Rupert's drop which flies to pieces if broken in any part. It is a provision to benefit descendants and a niece. There is no general principle by which the benefits must stand or fall together. It is true that all the Washington property was given to the trustees in one clause and that a part of the scheme in favor of the testator's grandchildren was the creation of a fund from the rents. But, as is stated in item 21, 611 M street was excepted from the scheme, and the whole income of this lot, or in other words an equitable estate in the specified land, is given to Gabriella Jordan for life by item 6. If that were all we see no reason for a doubt that that gift would be good, whether the gifts to the other beneficiaries were good or not. The fact that the testator's daughter takes all the rest of the property instead of her children getting a postponed interest in a part, is no ground for denying to the niece the life estate given to her in an identified and excepted piece of land. It does not make the case any worse that a part of the property thus going to the testator's daughter is the remainder in the estate given to his niece.

The appellants lay hold of the instructions to the trustees to add to the rents enough to make Gabriella's income up to forty dollars a month, and argue as if the gift were in substance only a gift of forty dollars a month from a fund that cannot be established. Such is not the fact. The gift is primarily and in any event a gift of the income of 611 M street. But whatever may be the fate of the rest of the trust we see nothing to hinder the trustees from keeping the income up to forty dollars from the other property devised to them. Of course they could not derive income from property not included in the trust, and only the property included is charged with

the liability. The decree may be modified by inserting after the words "against his entire estate" the words "in the District of Columbia."

It is objected in argument, although not in the pleadings, that the widow of Edmund Kearney has a right of dower in the Washington estate which descended to him, and that she should have been made party to the bill of review. The fact of the widow's existence does not appear of record as against the appellee, and we agree with the Court of Appeals that the objection is made too late.

*Decree affirmed.*