## HAZEN et al. v. AMERICAN SECURITY & TRUST CO. et al.

(Court of Appeals of District of Columbia. Submitted Jan. 6, 1920. Decided April, 5, 1920.)

No. 3287.

1. Perpetuities ☾═◦4(1)—Interest beginning within specified period, though extending beyond it not objectionable.

An interest is not obnoxious to the rule against perpetuities, if it begins within lives in being and 21 years, although it may end beyond them.

2. Perpetuities ☾═◦4(3)—Gift to children of adopted daughter held to vest within permissible period.

Under a will giving real and personal property, after the death of the testator's wife, in trust for an adopted daughter for her life and then to her children in specified proportions during their respective lives, and on the death of each of the children to his or her heirs, the life interests of the children of the adopted daughter necessarily vested within the period permitted by the rule against perpetuities.

☾═◦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**3. Appeal and error** ⬦⟶843(2)—**Judgment affirmed, without determining validity of remainders, when life interest not dependent thereon.**

In a suit by heirs of a testator to remove an alleged cloud from their title arising from a will giving property, after the death of the testator's wife, in trust for an adopted daughter for her life, and then to her children during their respective lives, with remainder to their heirs, the life interests of the children having vested within the permissible period, a judgment for defendants may be affirmed, without determining the validity of the gift over, if the life interests are not so intimately connected with such gift as to be dependent on its validity.

**4. Wills** ⬦⟶855—**Validity of life interest held not dependent on validity of gift over.**

Under a will giving property, after the death of the testator's wife, in trust for an adopted daughter for her life, and then to her children for their lives, with remainder to their heirs, the validity of the life interests given the children was not dependent on the validity of the gift over, where the will indicated that the adopted daughter and her children were the special objects of the testator's bounty.

Appeal from the Supreme Court of the District of Columbia.

Suit by William P. C. Hazen and others against the American Security & Trust Company, as executor and trustee under the last will and testament of Abraham D. Hazen, deceased, and others. From a decree for defendants, plaintiffs appeal. Affirmed.

Geo. E. Sullivan, of Washington, D. C., for appellants.

Clarence R. Wilson, Paul E. Lesh, F. W. Brandenburg, and E. C. Brandenburg, all of Washington, D. C., for appellees.

ROBB, Associate Justice. The seventh paragraph of the will of Abraham D. Hazen, who died in this District on December 4, 1901, reads as follows:

"Seventh. Upon the death of my said wife, the said company, hereinafter designated as 'my executor,' shall, after the appraisal mentioned in the next preceding item of this will shall have been made, submit the same to my said adopted daughter, who may select one-half in value of the parts or parcels composing said real and personal estate belonging to my estate and remaining at my wife's death, and thereupon said company shall hold said one-half of said estate and the parcels of land included in the same for the use and benefit of my said adopted daughter during her life, and shall pay to her, and not to any creditor or assign of hers, the net income from said half in monthly or quarterly instalments as such income is received, it being understood that all proper cost, taxes, cost of insurance and repairs shall be first deducted from the gross income collected, and my said daughter may, if she so elect, occupy free of charge or rent any house composing said half of said estate, and upon her death, the said half shall be held for the use and benefit of the children of said adopted daughter then living or the issue of such of them as may then be dead leaving issue surviving my said adopted daughter, but it is my will and I do direct that Mary Hazen Duffey, the daughter of my adopted daughter and the namesake of my wife and for whom my wife and I have the greatest affection, shall if living at the death of her mother take a share three times as large as the share of each of the other children of my said adopted daughter, which other children shall take in equal shares between and among themselves, and each of the children of said adopted daughter shall take only for and during the terms of their respective lives and upon the death of each the share of the one so dying shall go absolutely to the persons who shall then be her or his heirs at law according to the laws of descent now in force in the said District of Columbia."

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Testator's widow, Mary V. Hazen, died October 31, 1916. The "adopted daughter," Hannah E. Duffey, named in the will, died May 21, 1915, leaving four children, whose names and dates of birth are as follows: Mary Hazen Duffey, born November 12, 1897; Hugh Clarence Duffey, born June 11, 1899; Depue Hazen Duffey, born October 9, 1903; and Horace Duffey, born June 8, 1908.

On October 5, 1917, appellants, as heirs at law of the testator, filed their bill, in which they alleged that the provisions of the seventh paragraph of the will are void for remoteness; that Hannah E. Duffey was never legally adopted, and could not have been, "because the original adoption statute in the District of Columbia was not passed until February 26, 1895 (28 Stat. 687), and provided for the adoption of infants only," Hannah E. Hazen then being over 21 years of age. Appellants asserted their right to the estate attempted to be devised by the seventh paragraph of the will, and sought a decree removing the alleged cloud upon their title to the estate involved in that paragraph. The bill also contains a prayer for general relief.

The case was heard upon the pleadings and evidence, and the decree recited that—

"the court being of opinion with respect to the several questions arising upon the will of Abraham D. Hazen, deceased, controverted and at present for decision, that the respective legal interests given by virtue of the said will to the children of Hannah Duffey, who is referred to in said will as testator's adopted daughter, all became vested in said children within the period prescribed by law and are valid, and that the said will so far as concerns the present interests arising thereunder is in all respects valid, and that the present claim of the plaintiffs to the entire estate is not well founded. * * * *"

[1] "An interest is not obnoxious to the rule against perpetuities if it begins within lives in being and twenty-one years, although it may end beyond them." Gray, Rule against Perpetuities (3d Ed.) par. 322. In Pulitzer v. Livingston, 89 Me. 359, 36 Atl. 635, the court thus defined a perpetuity:

"It is a grant of property wherein the vesting of an estate or interest is unlawfully postponed. The law allows the vesting of an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being and 21 years and nine months thereafter, and all the restraints upon the vesting that may suspend it beyond that period are treated as perpetual restraints and void, and estates or interests which are dependent on them are void. Nothing is denounced as a perpetuity that does not transgress this rule, and equity follows this rule by way of analogy in dealing with executory trusts, and those trusts which transgress the rule are called transgressive trusts, being in equity the special equivalent of what in law are called perpetuities. * * * The rule against perpetuities has no application to vested estates or interests."

In Gray v. Whittemore, 192 Mass. 367, 78 N. E. 422, 10 L. R. A. (N. S.) 1143, 116 Am. St. Rep. 246, the court said:

"It is settled that an interest is not obnoxious to the rule against perpetuities if it begins within the prescribed period, although it may extend beyond that limit."

[2-4] The life interests of the children of Hannah E. Duffey of necessity vested within the permissible period, as found by the trial

court, and, if those interests are not so intimately connected with the gift over as to require us now to determine the validity of such gifts, the decision may be affirmed without more. See Jordan v. O'Brien, 33 App. D. C. 189. In Landram v. Jordan, 203 U. S. 56, 27 Sup. Ct. 17, 51 L. Ed. 88, the testator had created a trust for his children, including all of his property except one parcel, the income from which was to go to a niece for life. The general trust was declared void, as creating a perpetuity, but the trust for the niece was sustained. In the Supreme Court the sole question considered was whether the gift to the niece was "so intimately connected with the failing scheme as to fall with it." The court said:

"It would be a strong thing to say that we gather from this will an intent that, if the trust so far as it concerns the testator's descendants should fail because they prefer to take the property by intestacy free from the limitations of the will, therefore the one gift outside his family should be defeated also. The trust is not a metaphysical entity, or a Prince Rupert's drop, which flies to pieces if broken in any part."

The devise to the children of Hannah E. Duffey was a devise to a class, which, of necessity, was made up within her lifetime, and the share of each became fixed and certain at her death, and in no way affected by the provision as to the remainder. Unlike the situation in Wills v. Maddox, 45 App. D. C. 128, the life interests were not so involved in the gift over as to be dependent upon it. A reading of the paragraph of the will under consideration irresistibly leads to the conclusion that the special objects of the testator's bounty were Mrs. Duffey, referred to as his adopted daughter, and her children. There is no reason to assume that the testator intended his provision for these special objects of his solicitude to be dependent upon the remote interests thereafter devised. The language used indicates exactly the opposite, and, as the Supreme Court has declared that to be the test, we see no occasion to prolong this discussion.

The contention has been made by appellees that the status of Hannah E. Duffey was that of an adopted child, and that she was capable of taking by inheritance, but we do not deem it necessary to pass upon this question.

The decree is affirmed, with costs.

Affirmed.