### BOOTH et al. v. WHEAT.
### No. 6355.

Court of Civil Appeals of Texas. Texarkana.
March 29, 1948.

Rehearing Denied April 8, 1948.

E. L. Myers, Hutchison & Hutchison, O. B. Fisher and A. M. Harrison, all of Paris, for appellants.

Moore & Moore, of Paris, for appellee.

HALL, Chief Justice.

This is a suit instituted by appellants to annul the will of W. O. Richey, deceased, because it violates the rule against perpetuities. Trial on contest in the county Court of Lamar County resulted in judgment admitting the will to probate. Appellants perfected their appeal to the District Court of Lamar County and upon trial in that court on an agreed statement of facts judgment was rendered annulling the provisions of the will violating the rule against perpetuities and holding valid all other provisions.

It is the contention of appellants as expressed in their second point that the entire will is void because of the provisions therein which admittedly violate the rule against perpetuities. To make clear our disposition of this case we think it necessary to set out the will here in controversy. Omitting the formal parts, the will is:

"(2) Subject to the payment of such debts and funeral expenses and to the trust hereinafter declared and contained in this will, I hereby will, devise, and bequeath, in equal portions, and share and share alike to the following persons, namely, Mrs. Maggie Hicks, widow of Hiram T. Hicks, Paris, Texas, one-third; Miss Kate Hicks, a daughter of the said Maggie Hicks, Paris, Texas, one-third interest; and T. H. (Tony) Booth, Paris Texas, one-third interest of the net revenue derived from my estate for and during their respective lifetime; should Maggie Hicks die before her daughter, Kate Hicks, then the amount devised to her shall go to Kate Hicks; should Kate Hicks predecease her mother, then her share to go to her mother, Maggie Hicks; and should T. H. (Tony) Booth die first then his share of interest shall go to Maggie and Kate Hicks share and share alike, and after the death of all these beneficiaries, all of said revenues and income shall accrue to and become a part of my estate and be used in the manner hereinafter provided.

"In making the above bequests, it is expressly understood that I am only willing and bequeathing to said persons the net revenues derived from and for and on behalf of my estate and does not include any part or share in the properties, real estate, personal, or otherwise, all of which said properties and estate I specifically reserve as fully set forth and contained in this will.

"(3) The bequest and devise contained in Section 2 of my said will is subject to the following trust, that is to say:

"I hereby constitute and appoint H. G. Wheat of Paris, Lamar County, Texas, my trustee, to take charge of all the estate of which I shall die seized and possessed, after the payment of my debts and funeral expenses, and to hold, manage and control the same as such trustee for a period of fifty years after my said death.

"I hereby direct said trustee and it shall become his duty to give to the said trust estate the same attention and consideration that a prudent business man would give to his own estate. He shall collect all the rents and revenues accruing from said estate, pay all taxes and other lawful charges against the same, and at suitable times and intervals during each year of said trust he shall pay over such net rents and revenues to the persons and in accordance with and as stated in Section 2 of this will and in the case of the death of any one of them, then to such person or persons who shall be entitled to receive the same, in accordance with the foregoing provisions of this will.

"In the case of any real estate belonging to my said estate, my said trustee is authorized to rent or lease the same to such person or persons and on such terms as in his judgment shall seem most advisable, and in the care and maintenance of said estate, the trustee is authorized to make such repairs and construct such improvements thereon as are necessary to the proper preservation of said estate.

"I further authorize my said trustee to sell and dispose of my personal properties, such as live stock, farm products, stocks, and bonds, etc., as in his judgment is advisable and to take charge and manage my farms to the best advantage for my said estate and my said trustee is fully authorized to execute receipts and releases in the management of said trust and especially in the collection of the rents and revenues that may accrue therefrom or in the sale of any part of said personal properties of said trust estate as are necessary and proper to be executed in the premises.

"I expressly request that my said trustee do not sell or dispose of any of my real estate during the term of this trust, and he is requested to hold, control, and manage said trust estate for the term herein before stated, that is fifty years, and I further request that in case or at such time that all the beneficiaries and persons named in Section 2 of this will shall die that the bequests made to such persons revert to my estate and my said trustee shall invest said funds in United States Government Bonds or other bonds as are approved for investment for trust funds which shall be held and become a part of my said trust estate.

"By way of explanation of my reasons for creating this trust and desiring that my estate and properties be held in trust for the period of time hereinbefore designated are as follows:

"I have no immediate or close relatives or kin except a sister, Dona Richey McBrayer, and I have made property settlement with my sister as is evidence as by her deed dated May 12, 1922, and recorded in Book No. 194, page 564, deed records of Lamar County, Texas, and for the further reason that I have hopes and confidence in the future of Paris and Lamar County, Texas that property values will greatly enhance in value in years to come.

"The properties which I own located in the City of Paris, Texas are so situated and located that I hope that my executor and trustee will be able to make leases for long terms of years on the rental properties. The lots, or ground that I own and possess in the City of Paris, has been in the Richey family approximately one hundred years. This land was originally owned by my grandfather, and then later by my father, W. L. Richey, and I personally out of my own funds made the improvements, erected the buildings and improvements, etc., on said properties. The farm properties that I own are my own individual properties which have been acquired by me out of my own personal funds, and I believe that it is for the best interest of my estate that I leave my properties to be managed and controlled and operated by a trustee, and having been closely associated with my good friend H. G. Wheat for some fifteen or twenty years, and he being more familiar with my affairs and my property than any other person, and from the years of experience that I have had with him in assisting me with my affairs, I have found him honest, trustworthy, and possessed of the ability to properly manage my estate, and I feel confident that he will carry out my wishes and desires after my decease and at the death of my herein named executor and trustee I desire that the County Judge and County Commissioners' Court of Lamar County appoint a successor to him to carry out the provisions herein contained and of this my will.

"At the termination or expiration of this trust I will, bequeath, and request that all of my estate, that is all properties, real, personal, mixed, owned and possessed by my estate and trust shall pass to such person or persons as under the statutes of the State of Texas for the distribution of the effects of intestates would have become entitled to my personal estate at my death if I had died intestate and without leaving a widow or any children; such persons, if more than one, to take as tenants in common in the shares in which they would have taken my estate under such statutes; that is to say that my nearest of kin or relatives then living shall share the distributions of my estate as the laws of the State of Texas would provide that the distribution should be made.

"(4) It is my desire and I request my executor and trustee to set aside and expend out of any funds belonging to my estate sufficient amounts and to purchase and erect a suitable monument to the memory of my father, mother, and sister on our lot situated in the Evergreen Cemetery, Paris, Texas, and for the maintenance and perpetual care of the graves and the lot in accordance with the rules of the Cemetery Association. I request that he not spend less than One Thousand (1,000) in this connection and as much more as in his judgment is necessary to carry out my wishes.

"I hereby authorize my said trustee by way or remunerating and compensating him for his service as such to charge ten per cent (10%) upon all amounts received by him to the credit of my estate whether by way of rents and revenues, or by way of proceeds from the sale of any of said trust estate, and he shall also be authorized to deduct from the rents and revenues and the proceeds from the sale of any part of such estate, any and all expenses necessarily and reasonably incurred by him in the management, operation, and preservation in the premises.

"(5) I hereby appoint the said H. G. Wheat, sole executor of this my will and direct that no bond be required of him either as such executor or as trustee under the foregoing provisions of this will."

It is admitted by the parties to this appeal that paragraph 3 violates the rule against perpetuities and the trial court so found. The paramount question for decision here is, Can the other provisions of the will be salvaged and probated as the last will of W. O. Richey without destroying the intent of the said Richey? Or stated another way, does

**580**

the provision of the will which violates the rule against perpetuities vitiate the entire instrument? As stated above, the judgment of the trial court struck down the provision which violates the rule against perpetuities and entered the following order admitting the remainder of said will to probate:

"It is, therefore, ordered, adjudged and decreed by the court that the provision in said will of W. O. Richey, deceased, for his estate to be held in trust for a period of fifty years after his death be and is hereby annulled, but that in all other respects said will, its provisions and directions be and are hereby confirmed and ordered executed, which is to say: That the trust created by said will of W. O. Richey, deceased, for the benefit of Mrs. Maggie Hicks, an intervener herein, Miss Kate Hicks, an intervener herein, and T. H. (Tony) Booth, who predeceased W. O. Richey, and for the benefit of the survivor of them, so long as any one of them shall live, is a valid trust; that H. G. Wheat, appellee herein in his capacity as independent executor of the will and estate of W. O. Richey, deceased, and as trustee under said will, is hereby confirmed as such, and that he and his successor trustee, as provided for, shall administer said estate of W. O. Richey, deceased, so long as the said Mrs. Maggie Hicks and Miss Kate Hicks, or either of them, shall live; and that said estate, upon the death of such survivor, shall be distributed among the heirs at law of W. O. Richey at the time of his death, on the 11th day of May, 1947, according to the Statutes of Descent and Distribution of the State of Texas then in force, and to such persons as may have succeeded at the time of the death of the survivor of the said Mrs. Maggie Hicks and Miss Kate Hicks to the interests and rights in said estate of W. O. Richey, deceased, vested as aforesaid in his heirs at law."

█ It is a cardinal rule of construction of a will that the intent of the testator must be gathered from the whole instrument. Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904; Renner v. German, Tex.Civ. App., 207 S.W.2d 671; Taylor v. First National Bank of Wichita Falls, Tex.Civ.App., 207 S.W.2d 428. There is another rule of construction of wills, complementary to the above rule, that "'every will must be construed, if possible, so as to avert intestacy'; and courts 'ought not search for a construction which nullifies the will.'" Hunt v. Carroll Tex.Civ.App., 157 S.W.2d 429, 434, w/d.

The only provision of the will which devises any part of decedent's estate to named persons is paragraph 2. This provision specifically devises to Mrs. Maggie Hicks, her daughter Miss Kate Hicks, and T. H. Booth each a "one-third interest of the net revenues derived from my estate during their respective lifetime" with the added provision "should Maggie Hicks die before her daughter, Kate Hicks, then the amount devised to her shall go to Kate Hicks; should Kate Hicks predecease her mother, then her share to go to her mother, Maggie Hicks; and should T. H. Booth die first, then his share of interest shall go to Maggie Hicks and Kate Hicks, share and share alike. * * *" We are advised by all the parties to this appeal that T. H. Booth and Mrs. Maggie Hicks are dead, leaving Miss Kate Hicks as the only named devisee under the will.

█ The invalid provisions of the will make no specific bequests to any one but provide that the estate shall pass under our Statutes of Descent and Distribution as though testator had died intestate. We have concluded that the provision of the will creating a perpetuity does not vitiate the entire will for the reason that it is not so connected with or tied into the valid provisions as to make them inseparable. It is clear to us from the terms of the will itself that the primary and controlling purpose of decedent was to first provide for the persons named in paragraph 2 of the will during their lifetime. The next and only other specific bequest was for the "erection of a suitable monument, not to cost less than $1,000.00 to the memory of my father, mother and sister." That part of the will affected by the rule against perpetuities is the ultimate disposition of the property and should not in our opinion affect the prior valid disposition of a part of the estate.

Restatement of the Law of Property, Vol. 5, page 2357, Sec. 402.

■ The controlling principle of law applicable to this will is found in 40 Cyc. p. 1080, headnote 93, cited with approval by Sup.Court of Alabama in Brizendine v. American Trust and Savings Bank, 211 Ala. 694, 101 So. 618, 622:

"It is a rule of general application that if a will is valid as to some of its provisions and invalid as to others, and the valid provisions can be separated from the invalid, and upheld without doing injustice to any of the beneficiaries under the will or defeating the general intent of the testator, the will must be sustained in so far as it is valid."

■ An equitable interest or estate in decedent's property, in favor of the parties named in paragraph 2, was created by the will to the extent of the net revenue bequeathed. Tramell v. Tramell, 162 Tenn. 1, 32 S.W.2d 1025, 35 S.W.2d 574. The legal title of said estate vested in the trustee by virtue of the valid provisions of the will creating the trust which would terminate upon the death of the last survivor of the persons named in paragraph 2, Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88. Our conclusions expressed above are not believed to be contrary to any of the authorities cited and relied on by appellant.

We have carefully examined all other points advanced by appellant and they are overruled.

The devisees (now only one) under the will, denominated intervenors here, have appealed from the judgment of the trial court in so far as it holds valid the trust and the trustee appointed thereunder "so long as either of the intervenors may live" for the asserted reason that all of that portion of the will creating a trust is invalid as being in violation of the rule against perpetuities. There is no reason for holding the trust invalid except in so far as it violates the rule against perpetuities. In all other respects the trust like the other valid provisions of the will should be given effect, and the conclusions expressed by us in holding effective the provision of the will devising the net revenues of decedent's estate to intervenors, are equally applicable to the trust created by the valid provisions of the will. This contention by intervenors is overruled.

Finding no error in the record the judgment is in all things affirmed.