YOUNG v. SWAFFORD.

No. 1415.

Municipal Court of Appeals
District of Columbia.

Submitted Dec. 7, 1953.

Decided Jan. 22, 1954.

Lester D. Reber and Charles J. Brandt, Washington, D. C., for appellant.

Eugene E. Ditto, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, hereinafter called defendant, is a real estate and business chance broker. He appeals from a judgment requiring him to return a deposit received by him from plaintiff toward the purchase price of a rooming house business.

The complaint alleged that plaintiff had given defendant a deposit for a leasehold on certain premises. When defendant failed to obtain the lease, he demanded the return of the deposit. At the trial it was shown that plaintiff had entered into a written contract to purchase a rooming house business owned by one Jewell Mc-Cauley. According to the terms of the contract, an initial deposit of $40 was made. The total purchase price was to be $2,500, payable $300 in cash, of which the deposit was to be a part, and the balance to be represented by a note payable $65 a month. The contract was signed by McCauley and plaintiff and also by defendant as agent for the seller.

Plaintiff testified that at the time he entered into the written contract he signed a lease on the premises, which defendant was to have the owners approve; that the obtaining of the lease was the main consideration for signing the contract to purchase the business. Defendant testified that he was the broker for McCauley for the sale of the rooming house business and at the time the contract was signed that was his only function. He said that after the contract was executed plaintiff asked him to obtain a lease on the premises. A lease was prepared for plaintiff but was never executed because the owners were not satisfied with some of its provisions. Defendant contends that he cannot be held liable as he was acting as an agent for a disclosed principal.

It is not necessary for us to decide the question of defendant's liability, inasmuch as the absence of McCauley as a party to this suit necessitates a reversal.

The general rule governing cases of this type is that where rights sued upon arise from a contract, all parties to it must be joined in the suit.[1] According to the factual pattern of each case, a party may be deemed either indispensable to the suit or only "conditionally necessary." [2] Indispensable parties are described as those who "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." [3]

The recent ruling in Ward v. Deavers, 92 U.S.App.D.C. 167, 203 F.2d 72, is decisive of the present case. In that case the plaintiff contracted to buy a rooming house business through a business chance brokerage firm. The deal was consummated, a part payment made, and notes for the balance of the purchase price given to the owner. When plaintiff was ousted from the premises ten months later, she sued for

1. Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83.

2. Gauss v. Kirk, supra. See Municipal Court rule 19(b).

3. Landram v. Jordan, 25 App.D.C. 291, 300, affirmed 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88, quoting from Shields v. Barrow, 17 How. 129, 58 U.S. 129, 139, 15 L.Ed. 158.

a rescission of the contract and cancellation of the notes. Her suit was based on fraud and concealment. The business chance brokers were named as defendants and served with process, as was one of the note holders. The owner of the business was named as a defendant, but was never served with process and therefore was not a party to the suit. On appeal a judgment for plaintiff was reversed on the ground that the owner of the business was an indispensable party, because a final decree rescinding the agreement could not be made without affecting his interest. The court held that as the transaction could not be rescinded as to the owner, it could not be rescinded at all. The facts in the instant case are substantially the same. Although the suit here was denominated one for the return of a "deposit," it was actually a suit for the return of part of the purchase money. To provide such a remedy it would be necessary to rescind the entire contract. Not having McCauley, an indispensable party, before it, the trial court was without jurisdiction to grant such relief.

Reversed.