**YOUNG v. KAMINETZKY.**

No. 1437.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 11, 1954.

Decided Feb. 3, 1954.

William E. Stewart, Jr., Washington, D. C., for appellant.

Richard W. Galiher, Washington, D. C., also entered an appearance for appellant.

Solomon H. Feldman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Kaminetzky, plaintiff below, made a $1,000 deposit with Young on the purchase of a house. Young was acting as agent for the sellers, administrators of an estate. The sales contract provided that the entire deposit was to be held by Young until settlement was made. In the event of a forfeiture Young was to receive one-half of the deposit for his services.

Before the date of settlement, plaintiff wrote two letters to defendant attempting to rescind the contract because of alleged misrepresentations made concerning the house. Young refused to return the deposit and Kaminetzky sued for its recovery.

At the beginning of the trial defendant moved to dismiss the complaint because of plaintiff's failure to join the sellers as defendants. Defendant argued that the sellers were indispensable parties. When his motion was denied, defendant moved for a continuance to afford him the opportunity to add the sellers as third-party defendants. This motion was also denied. At the close of the plaintiff's case, defendant moved for a finding in his favor. When this was denied, defendant elected to stand on his motion, and judgment was entered for plaintiff.

On this appeal it is urged that the trial court erred in failing to dismiss the complaint because of plaintiff's failure to join the sellers. Recently we decided a similar question in the case of Young v. Swafford, D.C.Mun.App., 102 A.2d 312. There we held that the seller of a rooming house business was an indispensable party to a suit for the rescission of the contract for the purchase of that business. Our decision was based on a like holding in the recent case of Ward v. Deavers, D.C.Cir., 203 F.2d 72. We rule that our decision here is controlled by the United States Court of Appeals' decision in Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83.

The facts there were substantially the same as those in the instant case. The plaintiff had made a deposit on real estate with the agent of the sellers. The sales contract provided that the agent would hold the deposit until settlement was made. The sellers attempted to forfeit the deposit, and suit was filed by the purchaser for its recovery. Both the sellers and the agent were

named as defendants, but service of process was had only on the agent. On appeal a judgment for the plaintiff against the agent was reversed. In its opinion the court held that the sellers were not indispensable parties to the suit, but that they were conditionally necessary parties. It ordered the Municipal Court to proceed under Rule 19(b) [1] in an attempt to bring in the sellers as parties. If that were not possible, then the trial court in its discretion might proceed without them.

The court's decision was based on the general rule that where rights sued upon arise from a contract all parties to it must be joined. But a blind adherence to this principle would often leave a deserving party remediless. Thus, in a situation like that in Gauss v. Kirk, and such as we have here, where the agent has the contested funds in his possession and where no interests of the sellers will be affected except their part interest in the deposit, the sellers should be deemed only conditionally necessary instead of indispensable.

We understand that the seller was deemed indispensable in Ward v. Deavers because he was due future payments under a note, and, in addition, had a right to the return of certain property if the purchaser defaulted. Thus, a rescission of the contract would affect his interest to such an extent that he was an indispensable party within the definition of that term.[2]. This was also true in Young v. Swafford, supra. On the other hand, the interest of the sellers in Gauss v. Kirk and in the instant case

will not be so affected by a rescission as to make it inequitable for the trial court in its discretion to proceed without them. Thus, they are only to be deemed conditionally necessary parties.

The cause is therefore remanded with instructions to proceed in accordance with Rule 19(b).

Remanded.

1. "Effect of Failure to Join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

2. Young v. Swafford, supra, quoting from Landram v. Jordan, 25 App.D.C. 291, 300, affirmed 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88: "Indispensable parties are described as those who 'not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.' "