### KELLEY v. COX et ux.

#### No. 1475.

Municipal Court of Appeals for the District of Columbia.

Argued April 26, 1954.

Decided May 26, 1954.

Mark P. Friedlander, Washington, D. C., for appellant.

Claire O. Ducker, Sr., Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit on a promissory note brought by Kelley against Mr. and Mrs. Cox. The answer admitted execution of the note, but claimed that the $1,000 note, together with $1,000 cash, was a down-payment on certain real property, given to Kelley as agent for the seller, G. T. Bedient. In their answer the Coxes incorporated by reference the complaint in a prior suit by Mr. Cox against Kelley, which suit sought the return of the $1,000 cash and the return and cancellation of the note. This action was based on an alleged breach of contract by the seller. Bedient, a resident of Virginia, was not made a party to either suit.

The two cases were consolidated for trial and heard without a jury. After taking the matter under advisement, the court subsequently dismissed both suits on the ground that Bedient was a necessary party to both actions. Kelley then filed a motion to set aside the dismissals and to allow Bedient to be added as a party plaintiff in the case of Kelley v. Cox and to be added as a defendant in the case of Cox v. Kelley.

The motion stated that Kelley would cause the appearance of Bedient to be entered, and appellant states that this offer was made with Bedient's knowledge and consent. The motion was denied and Kelley appeals. No appeal was noted by Cox.

Appellant contends that the trial court erred in dismissing the suits for want of proper parties. We do not think it necessary to rule on that question, inasmuch as we hold that the trial court erred in failing to set aside the dismissals when Bedient volunteered to become a party to both suits. Whether Bedient was an indispensable party[1] or merely a conditionally necessary one[2] under Municipal Court rule 19(b) became immaterial when he offered to submit himself to the jurisdiction of the court in order that the cases might be tried on their merits. The usual procedure to be followed when a necessary or indispensable party has not been made a party to the suit is to allow that person to be joined, if possible, rather than to dismiss the suit.[3] This is in accord with the general policy of avoiding multiplicity of suits and of having causes promptly disposed of.

Appellant also requests us to enter judgment for him on his claim on the promissory note. But there is nothing in the record before us on which we could base such a ruling. The cause is, therefore, remanded to the trial court with instructions to allow Bedient to be joined as a party. We assume that in the interest of orderly procedure the same action will be taken in the other case as well.

Reversed with instructions.

1. Cf. Young v. Swafford, D.C.Mun.App., 102 A.2d 312.

2. Cf. Young v. Kaminetzky, D.C.Mun.App., 102 A.2d 574.

3. Capital Fire Ins. Co. of California v. Langhorne, 8 Cir., 146 F.2d 237; Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889, certiorari denied 322 U.S. 736, 64 S. Ct. 1048, 88 L.Ed. 1569; Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332; Bowen v. Baker, D.C.E.D.Pa., 35 F.Supp. 852; 2 Barron & Holtzoff, Federal Practice and Procedure, § 518. The above authorities construe Rule 19(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is substantially the same as Municipal Court Rule 19(b).