**FIRST CHURCH OF CHRIST, SCIENTIST,**
**Appellant,**

v.

**Mary G. SNOWDEN et vir, Appellees.**

No. 5045.

Court of Civil Appeals of Texas.

Beaumont.

March 17, 1955.

Rehearing Denied March 30, 1955.

John Blair, W. D. Gordon, Beaumont, for appellant.

King, Sharfstein & Rienstra, Beaumont, for appellees.

WALKER, Justice.

This suit was brought by the Church against Mary G. Snowden and her husband to obtain a declaration of its rights under the will of William McGillivray. Mr. McGillivray died on January 28, 1952, and his will was probated by the County Court of Jefferson County on February 12, 1952. The will named Mrs. Snowden executrix and trustee, and she was appointed and she served as executrix, and later she took possession of the trust estate and assumed the performance of her office as trustee. The trial court ruled against plaintiff's contentions, and from this judgment the plaintiff has appealed. Such parts of the will as are material to this appeal may be described as follows:

The will is dated November 28, 1950, and paragraph 7 thereof was amended by a codicil dated May 1, 1951. In paragraph 1, mention is made of a prior will, made in July, 1937, and of codicils to this prior will, and this prior will and these codicils are expressly revoked. Testator declared that he did this and that he made the present will to provide for Mrs. Snowden during her lifetime because she had cared for and provided for him. This purpose was twice reiterated, in different words, in paragraphs 6 and 7. In paragraph 3, Mrs. Snowden was appointed independent executrix, without bond, and in paragraph 12, the First National Bank of Beaumont was appointed her alternate or successor as executor. Then, in paragraph 4, all of testator's personal property was bequeathed to Mrs. Snowden, subject, however, to payment of certain charges.

As we understand the plaintiff's argument, plaintiff contests none of these provisions except the revocatory clause, the effect of which plaintiff would limit to the bequest of testator's personal property. But plaintiff does contest the provision made for a trust.

Testator's expression of intention to create a trust is quite plain and the provisions creating and regulating the trust are in paragraph 5 et seq. of the will. Administration of the trust was to begin when administration by the executrix ended. See paragraph 18. The trust estate consisted of testator's real estate. See paragraphs 4

and 5. Mrs. Snowden was appointed trustee. See paragraph 5. And she was to hold this office during her lifetime. See paragraph 9. A successor trustee was also appointed. Thus, the First National Bank of Beaumont was appointed to act as trustee on Mrs. Snowden's death, or if she did not act as trustee, or if she ceased to act as trustee during her lifetime. See paragraphs 9 and 12. The administration of the trust was regulated in some detail, but, in substance, the trustee was to rent the trust estate and was to maintain it, and from the revenues of the estate was to establish a fund from which certain charges were to be paid. See paragraphs 5A, 8, 9, 11, 12 and 16.

The trust had three beneficiaries, but one was in succession to another. Mrs. Snowden was a beneficiary and so was the plaintiff, and the First Church of Christ, Scientist, of Boston, Massachusetts, was named in succession to the plaintiff. See paragraphs 14 and 19. The Boston Church is not a party to this suit.

Mrs. Snowden was given two items of property. In the first place, she was given the use of an apartment during her lifetime. See paragraph 7 and the codicil. In addition, a gift of income was made to her. Thus, paragraph 6 provides for her while she acts as trustee what is called a salary. The minimum amount of this payment is to be $50 a month, but she is authorized to increase it to such a sum as she may deem reasonable for her services and necessary for her welfare. The purpose of this provision was declared to be: "it is my intention to hereby provide for Mary G. Snowden a monthly income which will take care of her during her lifetime. I am doing this because of the great and many kindnesses which she has shown to me and the above described care she has given and is giving to me. I take this method to compensate her in some small manner for what she has done." Next, paragraph 10 provides that if she "shall cease to act as Trustee for any" of certain reasons, then she is to have $75 a month for life "out of the rentals and revenues derived from my said Trust Estate." The purpose of this provision was declared

to be: "This is in the nature of a bequest to her for the services rendered as above mentioned", that is, for the services rendered the testator, referred to in paragraph 1.

The plaintiff, during Mrs. Snowden's lifetime, was given a contingent right to what may be called excess income. See paragraphs 8, 10 and 12. However, after Mrs. Snowden's death, the trustee was directed to pay to plaintiff what may be called the net income of the trust estate. See paragraph 12. And the plaintiff was required to use it "for extending Christian Science as taught by Mary Baker Eddy through such media as Christian Science lectures and the distribution of Christian Science literature authorized by the Mother Church." See paragraph 15.

Paragraph 13 of the will states the motive for the gift to plaintiff, and we quote it because of the emphasis plaintiff puts on it. The provision reads: "I desire to record the solemn fact that my beloved wife, whose life with me for so many years is one of my most cherished memories, deliberately considered and agreed with me that this should be the final disposition of our earthly possessions, to be carried out by the survivor of us."

The trust was to be perpetual as to the plaintiff's interest unless it violated the "law against perpetuities", and then it was to be for 99 years after testator's death. See paragraphs 9, 12, and 19.

Power of sale was expressly denied the trustee, at least during the lifetime of Mrs. Snowden, and the plaintiff argues that it is denied him during the existence of the trust for the plaintiff. The provisions relevant to this matter appear in paragraphs 9 and 12.

### Opinion.

Plaintiff contends, as we understand the argument, that the trust is void; that, in consequence, the provision made in trust for Mrs. Snowden is void; and that, by virtue of circumstances, including the prior will of 1937, and the general expression of motive in paragraph 13, quoted above, the fee

simple title to the property attempted to be devised in trust vested in the plaintiff at testator's death. Another ground for invalidating the gift of the use of an apartment to Mrs. Snowden is mentioned below. We limit our comments to the following matters.

(1) If Mrs Snowden be incompetent to serve as trustee, that fact does not invalidate this trust. 9 Tex.Jur. 56 (sec. 8); 42 Tex.Jur. 622 (sec. 20). The only ground of incompetency suggested which requires any notice is the fact that Mrs. Snowden is a beneficiary; and we hold that her interest as beneficiary did not merge with the estate devised to her as trustee, nor did it make her incompetent to act as trustee. Scott on Trusts, Sec. 99, Sec. 99.3; Sec. 115. It is to be noted here that Mrs. Snowden was not the only beneficiary and that the trust for plaintiff was to continue after Mrs. Snowden's death.

(2) The beneficial interests of Mrs. Snowden and of the plaintiff either vested at testator's death or will take effect during Mrs. Snowden's lifetime or at her death; and so the prohibition against remoteness in vesting made by the rule against perpetuities is not applicable to these interests. The contingencies determining whether plaintiff shall receive excess income during Mrs. Snowden's lifetime end at Mrs. Snowden's death.

(3) The gift to plaintiff is in aid of a charitable purpose and so the trust for the plaintiff is a charitable trust. Thus, apart from the express restraint on the trustee's power of alienation, rules which may limit the duration of a private trust are not applicable. Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273; Boyd v. Frost National Bank, 145 Tex. 206, 106 S.W.2d 497, 168 A.L.R. 1326. And see Kelly v. Womack, Tex., 261 S.W.2d 599; Harmon v. Thompson, Ark., 263 S.W.2d 903.

The fact that the plaintiff's main beneficial interest is limited upon a trust for, and during the lifetime of, a private individual does not, in this case, affect the validity of the trust for the individual, that is, the trust for Mrs. Snowden. For the provision made for Mrs. Snowden is distinct and separate from that made for the plaintiff, in nature and in administration, and it is apparent from this and from the expression of testator's reason for his gifts to Mrs. Snowden, three times repeated, that testator intended his gifts to Mrs. Snowden to stand independent of those made to the plaintiff. So, even if the provision for the plaintiff was void that for Mrs. Snowden would be given effect. Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88; 70 C.J.S., Perpetuities, § 22, p. 602; 41 Am.Jur. 100 (Secs. 57, 60 to 62, incl.).

However, this gift over to the plaintiff, which was a vested interest, as we have stated, is not forbidden by rules limiting the duration of a trust. To hold otherwise would simply deny a settlor the power to create a charitable trust in a vested remainder, and there is authority that this can be done. Restatement of Trusts, Sec. 401, Subsec. i, p. 1229; Bogert on Trusts, Sec. 345; Gidley v. Lovenberg, 35 Tex.Civ. App. 203, 79 S.W. 831; Jones' Unknown Heirs v. Dorchester, Tex.Civ.App., 224 S.W. 596. This matter seems necessarily to have been involved in the case reported sub.nom. Frost National Bank v. Boyd, Tex. Civ.App., 188 S.W.2d 199, and Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326. Nor is it apparent why the plaintiff's contingent right to excess income during Mrs. Snowden's lifetime should affect the validity of the trust for plaintiff since the beneficial interests of the plaintiff and of Mrs. Snowden were distinct and separate. During Mrs. Snowden's lifetime the trust is for two beneficiaries; it is not a trust which may be used indiscriminately for either a private purpose or for the purpose of a public charity. The rule repeated in Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d

273, at page 281, from Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223, is not applicable.

■ (4) We come now to the express denial to the trustee of a power of sale; but it is unnecessary to determine whether this restraint is valid, in whole or in part, even if it does prohibit sale by the trustee throughout the duration of the trust. It is only a provision regulating the administration of the trust and it is not so important as to show that testator intended the validity of the trust to depend upon it. If it be held invalid the power of effective administration is not destroyed; there is left only the case of a trustee who has not been expressly given a power of sale, and in such a case the court can order a sale if circumstances warrant this. Scott on Trusts, Secs. 380, 381; Bogert on Trusts, Sec. 392, p. 198 et seq., Sec. 394, p. 211 et seq., Sec. 397, p. 222. Accordingly, the restraint, if it actually is invalid because for too long a period, can be disregarded. City of Philadelphia v. Girard's Heirs, 45 Pa. 9, 84 Am.Dec. 470; Bogert on Trusts, Sec. 350; Kelly v. Womack, Tex., 268 S.W.2d 903, at page 905, and see Scott on Trusts, Sec. 401.2, pp. 2127–2128; Sec. 401.9. This is the course followed in the case of an invalid restraint appended to a legal estate in a conveyance inter vivos. 14 Tex.Jur. 929 (Sec. 150).

■ (5) It seems to be argued that the gift of the use of an apartment to Mrs. Snowden is invalid as against public policy because it tends to interfere with the husband's right to select the domicile of the family. The contention is overruled.

(6) Our attention has been directed to no ambiguity or uncertainty in the trust provisions which affects the validity of the trust. There is a clear devise of the title in trust, and there are clear designations of trustee, trust estate, term of trust, purpose, beneficiary and beneficiary's rights and interests.

The judgment of the trial court is affirmed.