**Alonzo O. BLISS, Jr., Appellant,**

v.

**James McD. SHEA, and National Savings and Trust Company, as Executors and Trustees, Edith Bennie Bliss, et al., Appellees.**

**No. 12828.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1955.

Decided March 1, 1956.

Mr. J. Allen Smith, of the bar of the Supreme Court of Florida, Miami, Fla., pro hac vice, by special leave of Court, for appellant.

Mr. Scott P. Crampton, Washington, D. C., was on the brief for appellant.

Mr. Louis M. Denit, Washington, D. C., with whom Messrs. John E. Powell and Richard L. Walsh, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant is one of the heirs of Arthur L. Bliss, with whose will this proceeding is concerned. A half-brother of the testator, plaintiff was not named in the will. The will devised the estate to trustees, in trust to pay the net income to testator's widow during her life, and upon her death to divide the corpus between two designated nephews of the testator, with remainders over in the event either or both of the nephews should predecease the widow. Plaintiff sought to set aside all or part of this trust on the theory that it violates the statutory Rule Against Perpetuities.[1] Among the defendants named in the complaint were the widow and the nephews, all of whom survived the testator and are now living. Without passing on the validity of all the interests involved, the District Court denied plaintiff's motion for summary judgment and granted the defendants' motion for judgment on the pleadings. The court held that the equitable life estate for the testator's widow and the immediately following bequests to the testator's nephews were valid, and would remain valid even though other interests created by the will were held invalid.

Plaintiff-appellant construes the will to provide for continued existence of the trust after the death of a nephew's widow, and until the death of a nephew's last surviving child: these provisions, he says, violate the Rule Against Perpetuities. We do not reach any of these contentions. For we agree with the District Court that even if the will sought to create such interests, and even if such interests were invalid, they would not infectiously invalidate the immediate interests of the widow and the nephews. "There is no reason to assume that the testator intended his provision for these special objects of his solicitude to be dependent upon the remote interests thereafter devised." Hazen v. American Security & Trust Co., 1920, 49 App.D.C. 297, 300, 265 F. 447, 450. See also

1. D.C.Code 1951, § 45–102, applied to personalty by § 45–823.

Landram v. Jordan, 1905, 25 App.D.C. 291, at page 302, affirmed 1906, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88; cf. Mondell v. Thom, 1944, 79 U.S.App.D.C. 145, at page 146, 143 F.2d 157, at page 158.

The provisions of the trust being severable, there is no need for us to construe the will at this time other than to the extent we have indicated. Hazen v. American Security & Trust Co., supra.

Affirmed.